B. J. WILSON, plaintiff in error, *vs.* THE FIRST PRESBYTERIAN CHURCH OF SAVANNAH, defendant in error.

(BLECKLEY, Judge, having been of counsel, did not preside in this case.)

1. Where suit is brought in the name of a nominal party for the use of the real party in interest, the declaration may be amended by striking out the nominal party, and if a legal right remains in the usee, the action may proceed in the name of such usee.

2. A subscription signed by defendant and others in these words: "We, the undersigned, promise to pay the amount set opposite to our several names, to be applied to the completion of the house of worship of the First Presbyterian Church in Savannah, in four equal payments, on the first of July, October, and January next, and first of April, 1870; interest to run from first of July next," is a promise to pay the church, it being a corporation, and is valid, being supported by the consideration of mutual promises, and by the fact that the church, on the faith of the subscription, entered upon the work of completing the building.

Wilson *vs.* The First Presbyterian Church of Savannah.

3. Unless so stipulated in the contract, removal or change of residence from the city where the church is located, will not bar the recovery of the money subscribed, nor will such removal operate as notice that the subscriber withdraws his subscription when he removed.

4. The fact that the treasurer of the church extended the time of payment of one of the subscribers, and took his note therefor (which was paid,) without interest, will not discharge the other subscribers. The contract is not joint, so that such action injured defendant.

5. An oral request to charge, made by counsel in the course of his argument to the jury, is not such a request as, if refused, will require the grant of a new trial.

Pleadings. Amendments. Contracts. Novation. Charge of Court. New trial. Before Judge Hopkins. Fulton Superior Court. October Term, 1875.

Reported in the opinion.

A. W. Hammond & Son, for plaintiff in error.

Julius L. Brown, for defendant.

Jackson, Judge.

Suit was brought by certain persons for the use of the church against the defendant for subscription to complete the church building. The nominal parties were stricken by amendment, and the action proceeded in the name of the church. The subscription was a "promise to pay the amount set opposite our several names," and is fully set out in the headnotes to this case. The defendant moved from Savannah to Atlanta, and refused to pay his subscription. Work was not actually begun when he sold his residence and left Savannah, but plans were submitted to the building committee, and specifications for the work prepared for the contractors to examine and bid on before he left. The treasurer of the church gave time for one subscriber to pay and took his note without interest, which was paid. The jury found for the plaintiff $500 00, without interest. The defendant moved for a new trial, and the court overruled it, and the case is before us on the errors assigned.

1. The first error is that the court should have dismissed when the amendment was made. The amendment merely struck out the nominal party, leaving the real party to go on with the case. If a right of action remains in the real party in interest, if that party could have sued in its own name at first, we cannot see why the amendment dispensing with a mere nominal party should not have been allowed. A declaration may be amended by striking out the names of one or more plaintiffs: Code, section 3486; 24 *Georgia Reports*, 516; 25 *Ibid.*, 58. If so, why not by striking out a *nominal* plaintiff.

2. The right of action was in the church. The promise, we think, was in effect made to the church, the consideration was the mutual promises, and the work done and to be done, the plans and specifications having been actually made out before defendant left Savannah, and we think the contract valid and vested in the church the right of action. A consideration may move from one and the promise be good to another: Code, sections 2744, 2747; 35 *Georgia Reports*, 258.

3. There is nothing in defendant's removal from Savannah, unless he had only agreed to pay if he remained in Savannah, of which there is no proof. Nor was his removal any evidence that he withdrew his subscription. If no expenses had been incurred before he left Savannah, his change of residence would not have discharged him; but specifications were made and bids asked for by publication before he left, which cost money.

4. Nor do we think he is discharged by the fact that the treasurer gave time to another subscriber and let him off without exacting interest. The contract was not so joint, and the several promises so dependent on each other as to relieve all the rest by indulging one, or letting one off without making him pay interest. Nor is there proof that the treasurer acted in the matter by the direction of the church so as to bind it: 20 *Georgia Reports*, 36.

5. An oral request, pending the argument to the jury, was made to the court in respect to reasonable time to begin work,

or the defendant was released, which the court did not notice. If the counsel insisted on his request he should have put it in writing.    Besides, we do not think the delay in beginning the work unreasonable, and we think the jury would have made the same verdict if the charge had been made.    The verdict is amply supported by law and evidence.

Judgment affirmed.