### 4600.   SOUTHERN EXPRESS COMPANY *v.* COHEN.

1. As a general rule, error in admitting testimony which is legally inadmissible is rendered harmless if competent evidence to the same effect is subsequently admitted; but the harmful effect of the original error is not cured, but rather is aggravated, by admitting other testimony which, though not objectionable upon the same ground as that first admitted, is for other reasons no less illegal and prejudicial.

2. The rule that declarations of an agent are not admissible against his principal, unless made when the agent was engaged in a transaction within the scope of his agency and acting in behalf of his principal, is ancient and well established. To bind the principal, the declaration or admission of the agent must be made dum fervet opus, and must be so closely connected with an act done in behalf of his principal which is within the scope of his agency as to be free from the suspicion of device or afterthought and thus to become a part of the res gestæ.

3. Other than an alleged admission of an agent of the defendant, there was no proof of delivery to the defendant of the goods the value of which was sued for. If the evidence of this admission was competent, the admission must be adopted as a whole; and so treating it, it showed that the goods had been delivered to the plaintiff. If the evidence was not admissible, the plaintiff was not entitled to recover, for the proof failed to show that the goods were ever in the possession of the defendant.

DECIDED AUGUST 12, 1913.

Action for damages; from city court of Savannah—Judge Davis Freeman. November 16, 1912.

*Lawton & Cunningham, Alexander R. Lawton 3d,* for plaintiff in error.

*Shelby Myrick,* contra.

RUSSELL, J. Cohen brought an action for damages against the Southern Express Company for failure to deliver a package of skirts which he had purchased from the Manhattan Skirt Company of New York, and which had been delivered by the skirt company to the Adams Express Company in New York, for transportation to Savannah via the Southern Express Company. According to the testimony, such shipments were transferred from the Adams Express Company to the Southern Express Company at Richmond, Virginia. The verdict was in favor of the plaintiff, and the express company excepts to the judgment overruling its motion for a new trial.

1. The plaintiff's right to recover turns upon the question whether the package was ever in fact delivered to the Southern Express Company. In the trial of the case, over the objections of the defendant's counsel, the judge of the city court permitted the introduction of testimony to the effect that an agent of the express company admitted that the express company had received the package in question. It was testified that the admission was made by the agent of the express company in the trial of a suit brought by the Manhattan Skirt Company against Cohen to recover the pur-

chase-price of the package of skirts. In the trial of the present case the agent of the express company—Mr. Lafitteau—himself testified that in the previous case mentioned he stated as a witness that the express company was in possession of this package and had delivered it to Cohen; but he explained that in making this admission he was giving merely such information as he derived from the records of the company, which he had before him at that time, and was basing his opinion upon the approximate correspondence in weight between the package delivered to Cohen and the alleged weight of the package sold Cohen by the Manhattan Skirt Company. The magistrate before whom the case of the Manhattan Skirt Company against Cohen was tried was also a witness in the case at bar, and he testified that Lafitteau admitted, on the trial of the former case, that the Southern Express Company had delivered to Cohen the package of skirts, the failure to deliver which is the basis of the present suit.

We are of the opinion that the learned trial judge erred in admitting the testimony as to the declaration of the express company's agent, Lafitteau. It is true that he testified that he had authority to settle any claims against the company, growing out of the loss of shipments, and likewise authority to make settlements with reference to the delay or loss of packages which were not promptly delivered. It is to be borne in mind, however, that Lafitteau did not make the admission in March, 1909, while the question of the delivery of the package was afoot and when an effort was being made to trace the package, nor while he was engaged in his duties with relation to the carriage of the package or the adjustment of the alleged loss, but made it at least several months thereafter, as a witness, and at a time when he was not acting in behalf of his principal, the defendant company, nor at its suggestion, so far as it appears from the record. It appears from the record that when Cohen first testified to the admission of Lafitteau in the Manhattan Skirt Company case, Lafitteau was in court and a competent witness. It would seem, therefore, that Cohen's testimony upon this point was mere hearsay, and for that reason inadmissible. Counsel for the defendant in error, practically conceding this, argue that the error of the court, primarily, in admitting the testimony of Cohen upon this subject, was cured by the fact that subsequently Lafitteau (who was a competent witness) testified substantially to

the same effect; and the cases of *Monahan* v. *National Realty Co.*, *4 Ga. App.* 684 (62 S. E. 127), and *Thompson* v. *Wilkinson, 9 Ga. App.* 367 (71 S. E. 678), are cited in support of this proposition. In the *Monahan* case, supra, we said: "It is undisputed, in the evidence, that the person who is said to have made this admission was the defendant's superintendent and in general charge of the building; and when he was placed upon the stand as a witness he practically admitted the entire statement which had been attributed to him, and testified to the truth of the facts therein related. If, therefore, there was any error in the admission of the statement primarily, it was cured by the introduction later of the higher testimony." As a general rule, the error of admitting testimony which is legally inadmissible may be rendered harmless if the fact to which it relates is subsequently proved by competent evidence. But even this rule is not without its exceptions. Certainly the harmful effect of the original error is not cured, but rather is aggravated, by admitting other testimony which is illegal and prejudicial, though it may not be objectionable upon the same ground as that first admitted. Conceding that the error of allowing the statement of Mr. Lafitteau in another case, between different parties, to be proved by Cohen, when Lafitteau was alive and accessible to the court, might have been cured by proof from Lafitteau that he, as agent of the express company, had made a declaration by which the defendant would be bound, we will next inquire whether the declaration of Lafitteau was made under such circumstances and at such a time as that it could legally bind his principal.

2. Section 3606 of the Civil Code declares: "The agent is a competent witness either for or against his principal. His interest goes to his credit. The declarations of the agent as to the business transacted by him are not admissible against his principal, unless they were a part of the negotiation, and constituting the res gestæ, or else the agent be dead." This rule was of force and universally recognized by law-writers before the adoption of our code. The rule that the declaration of an agent is not admissible against his principal, unless it was made at a time when the agent was engaged in a transaction within the scope of his agency, and acting in behalf of his principal, is ancient and well established. 1 Greenleaf on Evidence (16th ed.), § 184c; 1 Enc. Ev. 538 et seq.; *Sweet Water Manufacturing Co.* v. *Glover, 29 Ga.* 399. The declaration or ad-

mission of an agent which binds his principal must be one made dum fervet opus, and so closely connected with an act done in behalf of his principal which is within the scope of his agency as to be free from the suspicion of device or afterthought and thus to become a part of the res gestæ. Measuring Lafitteau's admission as a witness by this well-established rule, it does not seem to us that his statement as a witness in a case in which his principal was not even a party, and made months after the transaction, was admissible. It is to be borne in mind that in the case at bar Lafitteau did not admit that the package in question had ever been in the possession of the Southern Express Company. The extreme extent of his admission was that he had testified in another suit, to which the express company was not a party, forming his opinion from the company's records, that the package had been in the possession of the express company and had been by it delivered to Cohen. In the present trial he admitted that his judgment as to the possession and delivery of the package arose from the apparent similarity in weight between the package claimed to have been lost and certain packages delivered about the same time to Cohen. Upon the trial now under review he did not admit that the express company had ever received the package in question. But even if he had admitted upon the trial of the present case that the express company received the package in question, his principal would not be bound by that declaration. "Testifying as a witness in a lawsuit is no part of the res gestæ of a transaction involved in the litigation, and, as a general rule, the declarations of an agent, to affect his principal, must be a part of the res gestæ." *Sizer* v. *Melton,* 129 *Ga.* 143 (58 S. E. 1055). "No sayings of an agent are admissible against his principal except what he says concerning his appointed business while he is doing it—dum fervet opus." *Sweet Water Manufacturing Co.* v. *Glover,* supra. The package involved in the present case should have been delivered, in the ordinary course, on the 25th or 26th of March, 1909; and the trial in which the agent made the declaration which it is here insisted was inadmissible took place on May 22, 1912. So far as Mr. Lafitteau's agency for the purpose of delivering the package was concerned, the transaction had long been closed. As a witness he was no more the agent of the express company than of the opposite party; for, presumably, he would testify to the truth, and, though the agent of the express company,

he is made competent to testify either for or against his principal. Civil Code, § 3606.

3. Other than an alleged admission of an agent of the defendant, there was no proof of delivery to the defendant of the goods the value of which was sued for by the plaintiff. If the evidence of this admission was competent, the admission must be adopted as a whole; and so treating it, it showed that the goods had been delivered to the plaintiff. If the evidence was not admissible, the plaintiff was not entitled to recover, because the proof failed to show that the goods were ever in the possession of the defendant.

*Judgment reversed.*