### 8091.  ATLANTA NORTHERN RAILWAY COMPANY v. BROWN.

1. The section of the code which provides that "where any suit is instituted or defended by a corporation, the opposite party shall not be admitted to testify in his own behalf to transactions or communications solely with a deceased or insane officer or agent of the corporation" (Civil Code, § 5858, subsection 3) did not apply to testimony of the plaintiff in a suit against a railway company, as to a conversation or transaction with a conductor employed by it, who subsequently died, where the defendant had introduced testimony of another employee, who was present at the time of the conversation or transaction, and who testified as to what occurred, although the employee who testified was not actually engaged in the furtherance of the defendant's business at the time of the occurrence in question.
2. The evidence authorized the verdict.

> DECIDED JUNE 15, 1917.

Action for damages; from Cobb superior court—Judge Patterson.  April 15, 1916.

The action was for damages on account of ejection from a car of the railway company and an assault by the conductor of the car.  The conductor was dead at the time of the trial.  After testimony as to what occurred between the plaintiff and the conductor had been given in behalf of the defendant by a motorman in its

employment, who testified that on the occasion in question he was riding in the car as a passenger, on the way to his home from his work, and had no connection with that car, the court, over the objection of the defendant, allowed the plaintiff to testify as to what passed between the conductor and himself at the time of the ejection and assault; the defendant objecting on the ground that under the Civil Code (1910), § 5858, subsection 3, the plaintiff was not a competent witness in his own behalf as to transactions or communications with the deceased conductor. The trial resulted in a verdict against the defendant for $500, and in its motion for a new trial, the refusal of which was assigned as error, it alleged that the verdict was unsupported by evidence, and that the court erred in admitting the plaintiff's testimony referred to above.

*Colquitt & Conyers,* for plaintiff in error.

*N. A. Morris, Anderson & Roberts, J. E. Mozley,* contra.

WADE, C. J. 1. "Where any suit is instituted or defended by a corporation, the opposite party shall not be admitted to testify in his own behalf to transactions or communications solely with a deceased or insane officer or agent of the corporation." Civil Code (1910), § 5858 (3). In construing this section this court has held: "Besides the deceased agent of the corporation, there must be some other person present, related in some way to the corporation, before the opposite party will be competent to testify to transactions or communications had with such agent. The mere presence of a stranger, who was in no wise concerned or interested for the corporation in regard to the matter concerning which the transactions or communications were had with the deceased agent of the corporation, would not make the evidence of the survivor admissible in reference to such transactions or communications." *New Ware Furniture Co.* v. *Reynolds,* 16 *Ga. App.* 19 (2) (84 S. E. 491). See also *Augusta Naval Stores Co.* v. *Forlaw,* 133 *Ga.* 138, 149 (65 S. E. 370); *Register* v. *Aultman & Taylor Co.,* 106 *Ga.* 331, 332 (32 S. E. 116); *Merchants National Bank of Savannah* v. *Demere,* 92 *Ga.* 735 (4), 740 (19 S. E. 38); *American Harrow Co.* v. *Dolvin,* 119 *Ga.* 186 (45 S. E. 983). Testimony from the plaintiff as to a transaction and conversation solely with W. C. Lindsey, since deceased, as agent for the Atlanta Northern Railway Company, was competent, since it was shown that the transaction and conversation were had in the pres-

ence of another person, then employed by the corporation, and therefore connected with, concerned, and interested for the corporation in regard to the transaction had with the deceased agent of the corporation, and who was in fact introduced as a witness in behalf of the corporation and was competent to testify as to the identical conversation and transaction.  Although the witness in whose presence the transaction and conversation between the plaintiff and the deceased agent of the corporation occurred, and who was then in its employ, was not actually engaged in the furtherance of the corporation's business at the precise time of the transaction and conversation, he was nevertheless such a person as "would be interested to remember what occurred favorably to the corporation; could aid the corporation to develop the whole truth, and to expose mistakes and misstatements." *American Harrow Co.* v. *Dolvin,* supra.

2.  The evidence authorized the verdict, and the trial court did not err in overruling the motion for a new trial.

*Judgment affirmed.   George and Luke, JJ., concur.*