### 10361.  MILLER v. OGLETHORPE UNIVERSITY.

JENKINS, J. 1. While as a general rule a promise to donate money to a charitable purpose is gratuitous and unenforceable unless some consideration therefore exists, a consideration for such a promise is supplied where the promisee, during the life of the promisor and before a withdrawal of the promise and in reliance thereon, expends money and incurs enforceable liabilities in furtherance of the contemplated enterprise, or if such a promise be a mutual subscription for a common object, the promise of the others is a good consideration for the promise of each. Civil Code (1910), § 4246; *Wilson v. First Presbyterian Church,* 56 *Ga.* 554; *Owenby v. Georgia Baptist Assembly,* 137 *Ga.* 698 (74 S. E. 56, Ann. Cas. 1913B, 238); *Y. M. C. A. v. Estill,* 140 *Ga.* 291 (3), 294 (78 S. E. 1075, 48 L. R. A. (N. S.) 783, Ann. Cas. 1914D, 136). That the promisor should receive a personal benefit or consideration is not a necessary prerequisite to the validity of such a contract.

2. The defendant having admitted a prima facie case in favor of the plaintiff and set up as a defense a want of consideration, he thereby assumed the burden of proof, and the duty rested upon him of establishing his affirmative defense by a preponderance of evidence; for, as was said in *Red Cypress Lumber Co. v. Perry,* 118 *Ga.* 876, 879 (45 S. E. 674): "When a contract is valid in the absence or existence of certain facts, but otherwise void, it is, in the absence of evidence, presumed to be valid; and the burden of proving the absence or existence of such facts lies upon him who asserts its invalidity. Greenhood on Pub. Pol. 118, Rule CXXX." See also *Hyer v. Holmes,* 12 *Ga. App.* 837 (79 S. E. 58). The entire purport of the defendant's evidence going merely to show that he received no personal benefit or consideration from his undertaking, the municipal court did not err in rendering judgment in favor of the plaintiff, and the superior court properly overruled the petition for certiorari.

*Judgment affirmed. Stephens and Smith, JJ., concur.*
DECIDED NOVEMBER 6, 1919.

Certiorari; from Fulton superior court—Judge Ellis. January 22, 1919.

*A. M. Brand,* for plaintiff in error.
*Horace Russell,* contra.