11096.   WILLINGHAM, treasurer, for use, etc., *v.* BENTON.

LUKE, J.   1. In the case of mutual written subscriptions for a charitable purpose, "the promise of the others is a good consideration for the promise of each." Civil Code (1910), § 4246; *Miller* v. *Oglethorpe University,* 24 *Ga. App.* 388 (100 S. E. 784)ˉ, and cit.; *Young Men's Christian Asso.* v. *Estill,* 140 *Ga.* 294 (78 S. E. 1075, 48 L. R. A. (N. S.) 783; Ann. Cas. 1914D, 136).

(a) Such a subscription, being supported by a good consideration, can not be withdrawn at the will of the subscriber and without the consent of the obligee; and in the case at bar there was no evidence that such consent had been given. *Wilson* v. *First Presbyterian Church,* 56 *Ga.* 554 (3).

2. When a mutual written subscription is promised upon condition that a certain sum be secured in pledges on or before a fixed time, and the obligee introduces evidence showing that this condition has been fulfilled, a subscriber defending on the ground that such sum was not so subscribed must produce evidence of probative value, in order to sustain his defense; and where the evidence to sustain such contention is the declarations or admissions of an agent of the obligee, in order to bind the principal it must appear that the declarations or admissions were made dum. fervet opus, and were so closely connected with an act done in behalf of the principal and in the scope of the agency as to be free from the suspicion of device or afterthought and thus become part of the res gestæ.   Civil Code (1910), § 3606; *Southern Express Co.* v. *Cohen,* 13 *Ga. App.* 174 (78 S. E. 1111), and cit.; *National Bank of Tifton* v. *Smith,* 142 *Ga.* 663 (2) (83 S. E. 526 (2), L. R. A. 1915B, 1116).

(a) The declarations of the witness Hillyer were clearly inadmissible and of no probative value, because his agency had not been proved, and it was error to allow evidence of such declarations to go to the jury, over appropriate and timely objection.

(b) The only other evidence tending to prove that the condition in the

contract as to procuring subscriptions had not been met was that of the subscriber (admitted without objection), that Cobb and Ellis told him on December 5, 1909, that the required $40,000 had not been raised within the time limit. The evidence as to agency at most showed that Cobb, and perhaps Ellis, were agents to solicit and turn in subscriptions; and since the contract was entered into "upon condition that $40,000 or more be secured in pledges on or before December 4, 1909," and the declarations were made on December 5, 1909, at a time when the pledge sued on had been turned in to the person authorized to receive it for the building committee of the Young Men's Christian Association, and was not in the possession or control of either Cobb or Ellis, the agency had terminated and the declarations were not binding as admissions on the obligee. *Atlanta Savings Bank* v. *Spencer*, 107 *Ga.* 629 (5) (33 S. E. 878); *Harris* v. *Collins*, 75 *Ga.* 97 (6 *a*). This is true although one Jones, a witness for the plaintiff, testified: "It was determined then, in addition, to raise $75,000, and the campaign then, I think, went on until the 10th," he testifying at the same time, "The drive was closed on the 4th;" for the burden was on the defendant to show that the admissions were made in the scope of his business, i. e. during his agency (*Wilcox* v. *Hall*, 53 *Ga.* 635 (4)), and the evidence adduced failed to do this.

3. The refusal to direct a verdict is not error in any case. *Dudley* v. *Isler*, 21 *Ga. App.* 615 (2) (94 S. E. 827), and cit.

4. Some of the testimony of the witness Roper being objectionable and some admissable, an objection to "all of his testimony" was not well taken. *Stoker* v. *State*, 23 *Ga. App.* 11 (3 *a*) (97 S. E. 273).

(*a*) The testimony of Roper, the agent of the defendant, in answer to interrogatories, as to transactions and communications had exclusively with the payee's agent, Cobb, who was alive at the time the testimony was taken but dead when it was offered at the trial, would be inadmissible, on proper objection. The reason of the rule applicable in such cases is the inequality that would arise because of inability to contradict such testimony (*Moore* v. *Harlan*, 37 *Ga.* 623 (2); *Field* v. *Walker*, 36 *Ga.* 522); and the competency of a witness is determined by his status at the time it is sought to introduce his evidence. *Carroll* v. *Barber*, 119 *Ga.* 856 (47 S. E. 181); Civil Code (1910), § 5858 (3, 4); *Register* v. *Aultman & Taylor Co.*, 106 *Ga.* 331 (1) (32 S. E. 116).

5. The other exceptions to the admission of evidence are not good or relate to matters not material, and the conclusions above reached answer the various objections made to the judge's charge. The plaintiff having proved his case as laid, and the defendant having failed to sustain any of his defenses, it follows that the judge erred in overruling the general grounds of the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JUNE 16, 1920

Complaint; from Jasper superior court — Judge Park. November 10, 1919.

*E. M. Baynes, Hardeman, Jones, Park & Johnston,* for plaintiff in error.

*Greene F. Johnson,* contra.