### 14178.  Mansor *v.* Opelinsky.

Broyles, C. J. 1. The motion for a new trial assigns error upon the following excerpt from the charge of the court: "It is admitted that these goods, when they arrived, were received by the defendant. That admission being made, a prima facie case would be made out for the plaintiff, and before you would be entitled to find in favor of the plea of failure of consideration filed by the defendant in this case, it would be incumbent upon the defendant to show, by a preponderance of the evidence in the case, the truth of his plea of failure of consideration." This charge was adjusted to the pleadings and the evidence, and was not erroneous for any reason assigned. "After acceptance of goods purchased, the presumption is that they are of the quality ordered, and the burden is on the buyer to prove the contrary." Civil Code (1910), § 4137. "Goods ordered are, after acceptance, presumed to be of the quality ordered. The burden of proving them inferior is on the purchasers, who must establish the fact with that degree of certainty which suffices in civil cases generally." *Atkins* v. *Cobb*, 56 *Ga.* 86 (5). That degree of certainty which suffices in civil cases is set forth in section 5730 of the Civil Code of 1910, which declares that "in all civil cases the preponderance of testimony is considered sufficient to produce mental conviction." See also, in this connection, *Miller* v. *Oglethorpe University*, 24 *Ga. App.* 388 (2) (100 S. E. 784); *Milledgeville Cotton Co.* v. *Bacon*, 138 *Ga.* 470 (3) (75 S. E. 604).

2. The 2d ground of the amendment to the motion for a new trial is controlled by the foregoing ruling.

3. The court did not err in charging the jury as follows: "A breach

of an implied warranty, if such breach is shown by the evidence in this case, would authorize you to find in favor of the defendant's plea of failure of consideration,— the question as to whether the failure, if any, was total or partial being for your determination, and if partial, the extent of the failure being for you to decide, with the provision, however, that if the defects were patent, or if they were such defects as could, by the exercise of ordinary care and prudence, have been discovered, then he would have been held to waive the defects in the goods, if any, and to have waived the failure of consideration because of the defects, if any. If you believe there was such a waiver by the defendant under the evidence in this case, or by any one authorized to receive the goods for him, then you should find against the plea of failure of consideration." This excerpt from the charge embraces a substantially correct statement of the law applicable to the pleadings and the facts adduced upon the trial. "The law imposes upon the vendee the duty of exercising caution in detecting defects; and hence it is a well-established rule, that where the defect is patent, or could have been ascertained by the exercise of diligence, there could be no recovery upon the ground of an implied warranty. In all such cases the doctrine of caveat emptor applies." *Snowden* v. *Waterman*, 105 *Ga.* 384, 387 (31 S. E. 110, 112).

4. Under the ruling stated in the preceding paragraph, there is likewise no substantial merit in the 4th, 5th, and 6th grounds of the amendment to the motion for a new trial.

5. The general grounds of the motion for a new trial, not being referred to in the brief of counsel for the plaintiff in error, are treated as abandoned. *Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 11, 1923.

Complaint; from city court of Valdosta — Judge Little. November 28, 1922.

*E. K. Wilcox,* for plaintiff in error.

*Cranford & Cranford, A. T. Woodward,* contra.