KENNEDY, receiver, *v.* BROOKE *et al.*

No. 9125. FEBRUARY 15, 1933. REHEARING DENIED MARCH 4, 1933.

*William J. Davis Jr.,* for plaintiff.

*Jones, Fuller, Russell & Clapp* and *Douglas M. Orr,* for defendants.

BELL, J. Kennedy as receiver brought suit against various persons upon the following contract alleged to have been signed by the defendants: "Atlanta, Ga. May 12, 1924. The undersigned persons, desiring to assist in the promotion and development of The Invisible Kingdom, do hereby subscribe the amounts set opposite their names, with the understanding and agreement that the said sum subscribed is to be paid 10% cash, and the other 90% to be paid in nine monthly installments. The money subscribed is to be used for the defraying of the expense of promoting and organizing The Invisible Kingdom. It is also agreed that those subscribing to this fund shall share, proportionately to the actual cash they put in, in a fund to be set aside, to be made up of 50¢ each per member, on all members taken in by the propagation department, up to and including three million members." The charter of the corporation, which appears in the record, shows that the object of the corporation was non-commercial, and that there was no capital stock. In *Brooke* v. *Kennedy,* 172 *Ga.* 461 (158 S. E. 4), it was held by this court that the petition stated a cause of action. After that decision, the case was referred to an auditor, whose report was in favor of the receiver and against several of the defendants as subscribers. One of the subscribers, T. J. Brooke, resisted a recovery, upon the grounds that he had withdrawn his subscription before the corporation was organized, and that he was formally released by the corporation after its organization. Two other subscribers, Malcolm Fleming and Troy Chastain, made the same contention as to having been released by the corporation. The auditor made findings of fact in accordance with each of these contentions, but concluded and reported as a matter of law that the defendants were nevertheless liable for the amount of their subscriptions, and that judgment should be entered accordingly. Exceptions of law filed by these three defendants were sustained by the superior court, by an order which was in part as follows:

"1. The exceptions of law filed by T. J. Brooke are sustained. This defendant withdrew and asked immediately to be relieved of the subscription to which his name had been attached, and never participated in the organization or operation of the corporation; and for this reason he should not be held liable on account of said

subscription. Moreover, it appears that thereafter the corporation formally released him from the subscription, and it does not appear that any of the outstanding debts of the corporation were contracted before said release; and for this reason also this defendant should not be held liable on account of said subscription.

"2. The exceptions of law filed by the defendants Malcolm Fleming and Troy Chastain are both sustained. These two defendants were formally released by the corporation, and it does not appear that any of the outstanding debts of the corporation were contracted before their release; and for this reason these two defendants should not be held liable on account of said subscriptions."

Kennedy as receiver excepted to this judgment.

We think the court erred in sustaining the exceptions to the auditor's report, and in rendering judgment in favor of the defendants. The subscription contract was not a mere offer to purchase stock in a corporation not in existence, such as might be revoked by a subscriber at any time before the organization of the corporation; and cases like *National Bank of Union Point* v. *Amoss,* 144 *Ga.* 425 (4) (87 S. E. 406, Ann. Cas. 1918A, 74) and *Allen* v. *Hastings Industrial Co., 2 Ga. App.* 291 (58 S. E. 504), are not in point as authority. There is nothing in the agreement to indicate that any subscriber contemplated the ownership of stock in the proposed corporation, and the charter subsequently granted shows that the corporation was non-commercial and without capital stock. The purpose of the contract was to promote and organize the corporation, and to provide funds for this purpose. The agreement, therefore, was one of mutual subscriptions for a common object, and the promise of the others was a sufficient consideration for the promise of each of the subscribers. Civil Code (1910), § 4246; *Young Men's Christian Association* v. *Estill,* 140 *Ga.* 291 (78 S. E. 1075, 48 L. R. A. (N. S.) 783, Ann. Cas. 1914D, 136). While it was held in the former decision that the obligations of the subscribers were assets which came into the hands of the receiver and from which creditors should be paid, it is further true under the language of the agreement that each of the subscribers had the right to demand that all of the others should pay their subscriptions, or at least such proportion thereof as would satisfy the purpose of the undertaking, namely, the promotion and organization of the corporation referred to, including such indebtedness as might be in-

curred in accomplishing that purpose. Being a contract of mutual promises, there could be no release or discharge of any subscriber without the consent of all the others, whose right to have the contract enforced for the common object continued as a material condition of the agreement, even though ·the corporation when subsequently organized may have succeeded to the position of holder and payee of the subscriptions. For that purpose at least, the contract subsisted as a binding agreement among the original subscribers, and a release to be effectual must have been assented to by each of these parties. The corporation itself had no authority to release a subscriber without the consent of the others; and so the auditor properly ruled that the release by the corporation did not operate to discharge the defendants from liability. Neither did a subscriber have the power simply to "withdraw" from the contract before the corporation was organized. *Owenby* v. *Georgia Baptist Assembly,* 137 *Ga.* 698 (74 S. E. 56, Ann. Cas. 1913B, 238) ; *Miller* v. *Oglethorpe University,* 24 *Ga. App.* 388 (100 S. E. 784) ; *Willingham* v. *Benton,* 25 *Ga. App.* 412 (103 S. E. 497) ; Cartwright *v.* Dickinson, 88 Tenn. 476 (12 S. W. 1030, 7 L. R. A. 706, 17 Am. St. R. 910) ; Morgan *v.* Struthers, 131 U. S. 246 (9 Sup. Ct. 726, 33 L. ed. 132) ; 14 C. J. 621, § 897.

We may assume, without deciding, that if the purported release by the corporation had been otherwise valid, the receiver, in order to avoid it, would have had the burden of showing that the debts of the corporation were contracted before the date of such release. In the present case the burden was upon the defendants to establish their contention that they had been discharged from the agreement; and it was not enough merely to show a release by the corporation, with nothing to indicate that the other subscribers were consenting thereto. Civil Code (1910), § 5746. In *Hill* v. *Silvey,* 81 *Ga.* 500 (8 S. E. 808), cited for the defendants in error, it appeared from the pleadings, without dispute, that the subscribers or stockholders were released by the unanimous consent of themselves and the corporation before any of the debts involved in the suit were created. No question of burden of proof was there presented. Whether or not the receiver here had at least the burden of proving the existence of debts to which a recovery should be applied within the purview of the contract (*Mobley* v. *Phinizy,* 172 *Ga.* 339, 157 S. E. 182; *Dillard* v. *Mobley,* 43 *Ga. App.* 253, 158 S. E. 534; *Graves* v.

*Denny,* 15 *Ga. App.* 718 (84 S. E. 187) ; *Cosmopolitan Life Ins. Co.*
v. *Sheats,* 20 *Ga. App.* 622, 93 S. E. 507), this fact affirmatively
appeared from the auditor's report. Under the facts as claimed by
the defendants and as found by the auditor, the defendants ap-
peared to be liable as a matter of law for the amounts subscribed
by them respectively, and the rulings to the contrary by the trial
judge must be held erroneous.

*Judgment reversed. All the Justices concur.*

ON MOTION FOR A REHEARING.

BELL, J. The statement in the above decision that the corpora-
tion succeeded "to the position of holder and payee of the subscrip-
tion" is criticised upon the ground that the record failed to show
any transfer or assignment of the contract to the corporation. This
court did not assume the existence of any such transfer or assign-
ment, but in the language referred to was speaking simply of equi-
table ownership by the corporation. We also made the following
statement, the correctness of which is brought into question in the
motion for a rehearing: "Whether or not the receiver here had
at least the burden of proving the existence of debts to which a re-
covery should be applied within the purview of the contract, . .
this fact affirmatively appeared from the auditor's report." It is
not questioned that the auditor's report showed the existence of
debts by the corporation; but it is contended that the record is
silent as to the purpose for which these debts were incurred, and
that this court was in error in stating in effect that the auditor's
report showed that such debts were incurred in promoting and or-
ganizing the corporation. It is also insisted that in view of the
language of the contract the receiver should not recover without
proving that these debts were incurred for the purposes named. In
our present view of the case, we may assume, without deciding,
that the record fails to show the purpose for which the debts were
created, and also that as an abstract proposition counsel for movants
are correct in their contention as to the burden of proof. If the
court went astray upon these propositions, the movants were not
hurt, and the conclusion reached should not be changed. The con-
tentions now made were not presented by the record, and the chief
mistake which this court made was in dealing with a question for-
eign to the controversy. The defendants in error excepted to the
auditor's report upon various grounds, all of which were over-

ruled except those referred to in the decree which is quoted in the foregoing decision. The receiver sued out a bill of exceptions to this court, and no cross-bill was filed by the present movants. The record shows that there was some question as to the necessity of proving the existence of debts and the times when the debts were created, but there was no point as to whether the receiver should prove that such debts were incurred in promoting and organizing the corporation.

The grounds of the motion for a rehearing are not such as to require a different judgment, although the opinion originally filed should be and is qualified as indicated herein.

*Rehearing denied. All the Justices concur.*