49490. HOLIDAY HOMES, INC. v. BRAGG et al.

EVANS, Judge.
Ernest R. Bragg, Jr. executed a contract with Holiday Homes of Georgia, Inc. for the purchase of a mobile home. This contract was dated January 29, 1972, and at that time the mobile home was not constructed, but was to be constructed in accordance with drawings, plans and specifications presented to Holiday by Bragg in a special order. The price of same was $18,746, of which $500 was paid down. Holiday instructed Shulte Mobile

Homes Corporation, the manufacturer, to have the order filled and the mobile home built in accordance with the requests of Bragg. The mobile home was subsequently built and delivered in two sections to Bragg in Hall County, Georgia, where he had a large wooded lot. Holiday contracted with another to assemble the mobile home on Bragg's property. The house was delivered in two sections. The representative of the one who was to assemble same, in company with Bragg, was on the scene at the time of delivery. The home was slightly damaged in transit from the factory and was further damaged in placing and assembling same on the lot. Bragg contends it had many other deficiencies, some of which he discovered immediately upon delivery and shortly afterwards when the utilities were connected.

In June, 1972, Bragg paid $15,000 to Holiday, leaving a balance of $3,246 due. The parties to the contract differ as to the reasons why the entire amount was not paid, and as to the deficiencies in the construction of the mobile home and as to the corrections thereafter made and to be made.

In October, 1972, negotiations finally broke down as to the final payment of the purchase price, and as to the repairs or correction of deficiencies necessary to put the mobile home in the condition of its proposed construction.

In February, 1973, Holiday sued Bragg for the $3,246 balance, contending it delivered the mobile home "as is" which was a covenant in the contract with no other warranties except those of the manufacturer.

Defendant answered, admitting only jurisdiction and denying the claim or any indebtedness due to the partial failure of consideration in that plaintiff did not correct the deficiencies found in the mobile home on the defendant's lot.

After a trial, the jury found for the plaintiff in the sum of $1,000, and plaintiff appeals. *Held:*

1. Plaintiff contends defendant failed to notify him of the deficiencies, hence under Code Ann. § 109A-2—607 (Ga. L. 1962, pp. 156, 215), the court erred in admitting any testimony as to the deficiencies. But no formality is required as to notice, and it is adequate if the notice merely informs seller within a reasonable time *after* the

goods are received and *accepted* by the buyer. *Warren's Kiddie Shoppe v. Casual Slacks, Inc.,* 120 Ga. App. 578 (2) (171 SE2d 643). Here, plaintiff was notified from the very beginning of certain of the deficiencies, and others as they were found in connecting the utilities. In this case there is a question of fact as to defendant's acceptance of the mobile home in the condition in which it was delivered, despite defendant's allowing it to be placed on his lot. This ground of the complaint is not meritorious. Code § 20-902; *Butler & Co. v. McCall,* 119 Ga. 503 (46 SE 647); *Frick Co. v. Lawson,* 50 Ga. App. 511 (4) (179 SE 274). This is not a suit on warranty, but involves partial failure of consideration in the breach of the contract both before, at, and after delivery of the mobile home.

2. While the agent of the corporation, with whom the defendant had most of his contacts, was deceased, nevertheless, the court did not err in allowing in evidence the overheard telephone conversation between the deceased and the president of the plaintiff corporation in regard to the $15,000 partial payment by the defendant. Defendant testified he recognized the president's voice in the background. Although the president testified that he was not present, this created a jury issue as to its weight and credibility. See in this connection *Atlanta Northern R. Co. v. Brown,* 20 Ga. App. 247 (1) (92 SE 975); *New Ware Furniture Co. v. Reynolds,* 16 Ga. App. 19 (2) (84 SE 491). There is no merit in this complaint.

3. It was admitted that the carpeting was improperly installed, and there was a jury issue as to whether or not defendant had accepted the corrective measures. While defendant might be able to sue the manufacturer under the warranty, or as between the dealer and the purchaser each might consent to the other's suit against the manufacturer (see Code Ann. § 109A-2—722; Ga. L. 1962, pp. 156, 234), this would not prevent the introduction of evidence as to the deficiency in the carpeting in the mobile home. The lower court did not err in allowing testimony as to the cost of installing carpeting as it should have been originally installed.

4. Objection was made to the introduction into evidence of a letter from defendant's lawyer to plaintiff setting out the various deficiencies found in the mobile

home. The only objection made was that it concerned other testimony submitted and "it would be invalid to permit that into evidence." The objection is *too vague* and indefinite to have been a proper objection. *Edenfield v. Brinson,* 149 Ga. 377 (4) (100 SE 373); *Annunciatio v. State,* 176 Ga. 787 (5) (169 SE 3). Plaintiff now contends and argues it was a self-serving declaration. *But this was not the objection made at the time of the admission of the letter in evidence. We cannot consider the objection made on appeal, which was not made during the trial.* A valid objection to evidence must be made at the time of the trial. *Cox v. Cody,* 75 Ga. 175; *Southern Pine Co. of Ga. v. Smith,* 113 Ga. 629 (3) (38 SE 960); *Donaldson v. Chance,* 144 Ga. 469 (1) (87 SE 395); *Mickle v. Moore,* 193 Ga. 150 (1) (17 SE2d 728). This ground of objection is not meritorious.

5. The evidence as to the cost of replacing carpeting and other deficiencies was such as to permit the jury to assess with reasonable certainty the amount by which to ascertain the partial failure of consideration and to reduce the purchase price accordingly. *John Deere Co. v. Lindsey Land Clearing Co.,* 122 Ga. App. 827, 828 (178 SE2d 917); *Moore v. Smith,* 31 Ga. App. 491 (121 SE 136); *Hall v. Southern Sales Co.,* 81 Ga. App. 392 (2) (58 SE2d 925).

*Judgment affirmed. Pannell, P. J., and Webb, J., concur.*

ARGUED JULY 8, 1974 — DECIDED SEPTEMBER 16, 1974.

*Smith & Millikan, Harmon T. Smith, Jr., Troy R. Millikan,* for appellant.

*Robinson, Harben & Armstrong, Emory F. Robinson,* for appellees.