### 14779.   MOORE *v.* SMITH.

LUKE, J. Where the defense to a suit is based solely upon partial failure of consideration, before a verdict can legally be rendered giving the defendant the benefit of that defense he must show the extent to which the consideration failed; the evidence must present sufficient data upon which to base such a verdict. *Hunnicutt Co.* v. *Kane,* 21 *Ga. App.* 665 (94 S. E. 821). The evidence in the present case failing to disclose any specific damage to the defendant, who for several months before he made complaint used the automobile for which the notes sued on were given, there was no error in directing a verdict for the plaintiff.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JANUARY 15, 1924.

Attachment; from city court of Atlanta—Judge Reid. May 4, 1923.

The action was upon promissory notes which recited that they were for part of the purchase-money "for 22-45 Buick Touring

Car Frame No. 753247-Motor No. 779432." The defendant in his answer denied that the property sold to him was a "22-45 Buick Touring Car," and further pleaded as follows: The consideration of the notes sued on has partially failed, in that the defendant executed the said notes to evidence part purchase price of a certain automobile which the plaintiff represented and warranted to be a 1922 model Buick touring car, which representation and warranty the defendant acted upon and relied upon in buying the car for the agreed price of $1795; but the said car is not a 1922 model as represented and warranted, but is a 1921 model car, without the improved lighting fixtures and carburetor and other improved fixtures which are carried on the 1922 model Buick car, and is not as economical in operation as the 1922 model car, nor does it give the same service; all of which defects were unknown to the defendant at the time of purchase, and defendant alleges that the aforesaid defects greatly reduce the value of said car. Defendant has already paid the plaintiff $1071.30 or other large sum, and by reason of the aforesaid defects the said car is not worth more than that sum. The defendant testified to facts alleged in the plea, and the difference in price between the 1921 model and the 1922 model, and that "there is an extra hot-air pipe on the '22, which tends to greatly help in vaporizing the gas, makes it a good deal more economical; you get more power; a Buick talking point, it is 25 to 30 per cent cheaper in running,   .   the '22."

*E. G. Jackson,* for plaintiff in error.

*Horton Brothers, Anderson, Rountree & Crenshaw,* contra.