*Titus & Dekle,* contra.

---

15200.  HARMON *v.* BLOCK & COMPANY.

STEPHENS, J. 1. In an action to recover the purchase price of goods sold and delivered it is necessary, in order to sustain a plea of total failure of consideration, that it appear that the goods were totally worthless for any purpose. *Brown Shoe Co.* v. *Crosby*, 30 *Ga. App.* 534 (4) (118 S. E. 446). To sustain a plea of partial failure of consideration it is necessary that the evidence furnish sufficient data to enable the jury to infer to what amount the consideration has partially failed. *Prescott* v. *Seacoast Fertilizer Co.*, 30 *Ga. App.* 193 (117 S. E. 254); *Grier* v. *Enterprise Co.*, 126 *Ga.* 17 (54 S. E. 806).

2. Where the contract of sale called for jewelry of 14 kt. gold, evidence in support of a plea of failure of consideration, to the effect that the jewelry delivered by the seller was not fourteen karat, but was defective, had turned a brass and dark color, did not retain its quality as represented, was worthless and of no value to the purchaser whatsoever, and unfit for his trade, is, in a suit by the seller against the purchaser to recover the purchase-money, insufficient to authorize the jury to find that the jewelry was totally worthless for any-purpose. Evidence that the jewelry is worthless and of no value to one person and is unfit for his trade is not exhaustive as to the value of the jewelry for all purposes, and is insufficient to establish it as totally worthless and lacking in any value whatever. The evidence of the defendant that the jewelry was "worthless," etc., as above indicated, being that of the defendant himself, and for that reason being construed against the defendant, must necessarily mean, when taken in connection with the

context and the defendant's entire testimony, that the jewelry is worthless to the defendant, and not that it is totally without any value whatever.

3. It was not error to direct a verdict finding against the defendant's plea of failure of consideration, and, the evidence otherwise being undisputed in establishing the plaintiff's right to recover on the promissory notes given by the defendant to the plaintiff for the purchase-money, the court properly directed a verdict for the plaintiff in the full amount sued for.

4. The admission in evidence of certain correspondence objected to by the defendant was not harmful to the defendant, since, with this evidence excluded, the remaining evidence demanded the verdict directed for the plaintiff.

5. The judge of the superior court therefore did not err in refusing to sanction the certiorari.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 22, 1924.

Certiorari; from Fulton superior court—Judge Humphries. October 31, 1923.

*Etheridge, Sams & Etheridge,* for plaintiff in error.

*Walter R. Brown,* contra.