18036. METROPOLITAN DISCOUNT COMPANY *v.* WARDLAW.

STEPHENS, J. 1. A witness, when unequivocally testifying to a fact, presumably testifies from his own knowledge, in the absence of anything to the contrary. *Shaw* v. *Jones*, 133 *Ga.* 446 (3) (66 S. E. 240). Where a witness testifies that the note or acceptance sued upon was indorsed by the payee over to the plaintiff, and there are no facts or circumstances appearing from the evidence to indicate that the witness did

---

Appeal and Error, 4 C. J. p. 834, n. 65; p. 856, n. 85, 88.
Bills and Notes, 8 C. J. p. 114, n. 44 New; p. 1046, n. 9; p. 1048, n. 21.
Evidence, 22 C. J. p. 84, n. 66; 23 C. J. p. 40, n. 58.
New Trial, 29 Cyc. p. 830, n. 49.

not speak from his own knowledge, the witness has presumably testified from his own knowledge as to the fact of indorsement.

2. A note or acceptance which is made payable to the order of the payee and indorsed by the payee and delivered to the transferee is a negotiable instrument. It is immaterial, in order to render the instrument negotiable, whether the words of negotiability precede or follow the name of the payee. A note which contains a provision that it is payable "to the order of" the payee therein named contains words of negotiability.

3. In a suit by the holder of a promissory note, who is the transferee thereof, against the maker, a statement made by the payee, after the date of the transfer of the note, to the effect that the payee is the holder of the legal title to the note, is hearsay evidence and has no probative value as tending to disprove the plaintiff's title. *Harris* v. *Bank of Little Rock*, 107 *Ga.* 407 (33 S. E. 404); *Rabun* v. *Commercial National Bank*, 21 *Ga. App.* 43 (93 S. E. 524).

4. It appearing conclusively and without dispute from the evidence that the plaintiff was a bona fide holder for value in due course of the acceptance sued on, the verdict found for the defendant was without evidence to support it, and contrary to law.

5. It also appearing conclusively and undisputed from the evidence that the articles for the purchase of which the acceptance was given had some value, and that therefore the defendant's plea of a failure of consideration was unsupported by the evidence, the verdict for the defendant was without evidence to support it, and contrary to law. *Harmon* v. *Block*, 32 *Ga. App.* 700 (124 S. E. 548).

6. The court erred in overruling the plaintiff's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED NOVEMBER 19, 1927.

Complaint; from city court of Jefferson—Judge Ayers. February 25, 1927.

*John J. Strickland, Rupert A. Brown,* for plaintiff.

*E. C. Stark,* for defendant.