### 18221.    SEA ISLAND COTTON GIN COMPANY *v.* FOWLER.

STEPHENS, J.   1.   In a suit to recover an alleged balance due by the defendant to the plaintiff on the purchase-money of a sea-island cotton-gin outfit sold by the plaintiff to the defendant, to which the defendant pleads total and partial failure of consideration in that the outfit has "proven entirely worthless to the defendant, [and] was not reasonably suited to the use for which purchased and intended, to wit, the ginning of sea-island cotton, . . and the said gin would not do the

Appeal and Error, 4 C. J. p. 866, n. 51; p. 921, n. 68.
Sales, 35 Cyc. p. 573, n. 75.

work for which purchased and intended," and that the property is not worth more than the sum of $5, a verdict for the defendant is sustained by evidence (though conflicting in some respects) to the effect that the defendant purchased the property under a written contract which provided that the gin was warranted to be of good material, well made, and that with proper management it would perform what was claimed for it in the seller's printed circulars, and that the purchaser was to operate the gin according to directions given by the seller, and upon a failure of the purchaser to so operate the gin the seller would be released from its contract of warranty; that, after the gin was set up, the plaintiff's representative, in response to a complaint from the defendant, came and inspected the gin and advised and instructed the defendant as to how to operate it; that the gin, after having been operated by the defendant in accordance with these instructions, failed to perform as warranted and could not be made to gin more than one bale of cotton per day, whereas, according to the plaintiff's printed circulars referred to in the warranty, the gin should have turned out six or seven bales of cotton per day; that, although the plaintiff claimed that the failure of the gin to perform to the satisfaction of the defendant was due to excessive vibrations in the foundation upon which the gin sat, the gin sat upon a floor supported by a foundation that was firm and rigid and was not subject to vibrations, but which was a suitable foundation upon which to set a gin of the description of the one sold, that the gin after it had been operated was in a "pretty bad shape," and, according to the testimony of the defendant, was "worth whatever junk might be worth," that he "would take $5 for it and help load it; it is not worth more than $5; I would not give $2.50 for it." The evidence authorizes the inference that the plaintiff had committed a breach of the warranty, and that the consideration had partially failed to the extent of the purchase price, viz., $360, less the present value of the gin outfit. Even assuming that the evidence could be taken as demanding an inference that the outfit was capable of ginning some cotton and therefore had a value greater than its value for junk, yet, although the evidence may have contained no estimate as to such value, it appears, from the fact that the jury in finding for the defendant failed to find in any amount against the plaintiff on the defendant's plea of recoupment, in which he prayed for a return of the part payment on the purchase-money, viz., $120, which issue the court submitted in the charge, that the jury may, from all the facts and circumstances, have estimated the value of the outfit as being greater than a value for junk and as being in an amount equal to the $120 which the defendant had paid upon the purchase-price and which the jury allowed the plaintiff to retain. Since the evidence is sufficient to authorize an inference that the consideration had partially failed in an amount representing the purchase-price, less the value of the outfit as junk in the sum of $5, the plaintiff can not complain that the jury in its verdict estimated the property as being worth considerably more, to wit, $120, the amount already paid by the defendant on the purchase-price, although the evidence may not have furnished sufficient data from which the jury would be authorized to make such an estimate as to the value of the property.

2. The verdict for the defendant, which was rendered upon conflicting evidence, having been approved by the trial judge, must be affirmed.

  *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

    DECIDED MARCH 3, 1928.

Complaint; from Treutlen superior court—Judge Graham. May 2, 1927.

*M. B. Calhoun,* for plaintiff.   *N. L. Gillis,* for defendant.