### 19730. BEWLEY-DARST COAL COMPANY *v.* ENNIS.

STEPHENS, J. 1. In an action to recover the purchase-price of personal property a plea of total failure of consideration is not sustained where the evidence is insufficient to authorize an inference that the property was totally useless for the purpose intended in the contract of sale. A plea of partial failure of consideration is not sustained where the property has some value for the use intended, but where the evidence is insufficient to establish its value or to furnish data sufficient to enable the jury to infer to what amount the consideration has partially failed. *Harmon* v. *Block,* 32 *Ga. App.* 700 (124 S. E. 548).

2. Where a number of carloads of coal are sold under a contract which impliedly warrants that the coal is suitable for fuel purposes in general domestic use, a plea of total failure of consideration, in that the coal was totally unfit for the use intended and was therefore totally worthless, is not sustained where the evidence is uncontradicted that, although the coal may have been totally useless for ordinary domestic use for household fuel purposes, in grates, stoves, and heaters, it possessed some value for fuel purposes in a furnace used in the operation of an ice manufacturing plant; and where the evidence affords no circumstances or data from which the jury could arrive at the value of the coal for the purpose for which it did possess some value, the evidence is insufficient to establish the extent of the partial failure of consideration. Where the evidence demands the inference that all of the coal was of the same grade, the further inference is necessarily demanded that the entire amount of coal sold possessed a value for the purpose to which the defendant had applied some of it in his ice-plant furnace.

3. Where the property purchased was a quantity of coal sold under an implied warranty that it was suitable as fuel for general domestic purposes, and the purchaser, after having complained to the seller of a breach of the warranty, in that the coal was unfit for household use in grates, stoves, and heaters, appropriated some of the coal to his own use, by using it for fuel purposes in a furnace at his ice plant, the act of the purchaser, in thus appropriating the coal to his own use, does not as a matter of law amount to a waiver by him of the seller's breach of the warranties complained of.

4. A failure of a purchaser of personal property to notify the seller of any defect in the property which would constitute a breach of warranty does not, until after the purchaser knows of the defect or could have discovered it with due diligence, amount to a waiver of the breach. Where a quantity of coal is purchased by a coal dealer to be used for fuel purposes by customers to whom he expects to resell it, and where, on account of the mildness of the weather, the purchaser is unable to make any immediate sales of the coal, and does not, until about eighty-five days after he has received the coal from the seller, discover that the coal is defective and unfit for the uses intended and he then notifies the seller of this fact, it can not be said as a matter of law that the failure of the purchaser to notify the seller of the defect in the coal before the expiration of the eighty-five days after the delivery of the

coal to him amounts to a waiver by the purchaser of the failure of the coal to measure up to the warranties in the contract.

5. Where personal property sold is delivered in two installments at different times, a notification by the purchaser to the seller, after the receipt of the second installment, that the goods comprising the second installment only are defective in that they are not suitable for the use intended, and no complaint is made as to the character of the goods comprising the first installment, the purchaser has not thereby waived the warranties respecting the first installment, and is not afterwards estopped from insisting upon a breach of warranty of the goods comprising the first installment, when at the time of giving the notice as to the second installment he did not know, that the goods in the first installment were defective and did not measure up to the warranties in the contract. Where three carloads of coal are purchased and delivered to the purchaser, and by him piled in his coal-yard, and before he knows of any defect in the quality of the coal delivered, or could have discovered the defect by the exercise of due care, another installment of coal is purchased by him from the same seller, and this coal, when delivered, is piled on the other coal, a notification afterwards by the purchaser to the seller that the coal in the last delivery only is defective in quality, and a failure of the purchaser to then notify the seller of any defect in the quality of the coal in the first delivery, do not amount to a waiver by him of any breach of warranty respecting the defective condition of the coal in the first delivery, or to an estoppel to insist upon a breach of warranty respecting any defective condition in the coal in the first delivery.

6. The verdict amounted to a finding sustaining the defendant's plea of total failure of consideration. Therefore the verdict finding in favor of the defendant's plea of total failure of consideration is without evidence to support it, and the court erred in not sustaining the plaintiff's motion for a new trial.

Judgment reversed. Jenkins, P. J., and Bell, J., concur.

DECIDED FEBRUARY 15, 1930.

*Brock, Sparks & Russell, Sibley & Sibley,* for plaintiff.
*Allen & Pottle,* for defendant.