22277, 22278. STANFIELD *v.* COLUMBUS CASKET COMPANY.

STEPHENS, J. 1. Where, in a plea to a suit on a note, it is alleged that the plaintiff has damaged the defendant in his business,—that of an undertaker,—by subjecting him to criticism and embarrassment and causing him to have the reputation of being a "careless, worthless, and indifferent undertaker," by reason of the fact that during burial services conducted by the defendant, who was an undertaker, and while a casket which the defendant had bought from the plaintiff and for the purchase-money of which the note had been executed, was being borne to the grave, one of the handles to the casket, which was insecurely fastened, came loose, and the casket was caused to fall to the ground, the damages alleged are remote and speculative and incapable of definite ascertainment, and were not within the contemplation of the parties to the contract. The plea should have been stricken.

2. Where it is also alleged in the plea that because of the alleged defect the casket was not reasonably suited to the use intended, and therefore the consideration for which the note was given had failed to the extent of the value of the casket, and it appeared from undisputed evidence that, notwithstanding the existence of the alleged defect, the casket was used for burial purposes, the inference is demanded that the casket possessed some value, and the verdict for the defendant, which found against the plaintiff's right to recover and which allowed the defendant, by way of set-off, an amount in excess of the amount which the jury was authorized by the evidence to find as representing the value of the casket, and which also found an amount in damages against the plaintiff in favor of the defendant, was without evidence to support it and contrary to law.

3. The judge of the superior court did not err in sustaining the certiorari sued out by the plaintiff in each case.

*Judgment affirmed in each case. Jenkins, P. J., and Sutton, J., concur.*
DECIDED NOVEMBER 19, 1932.

*J. T. Grice,* for plaintiff in error.
*B. D. Dubberly, M. Price,* contra.