## 32957. HALL v. SOUTHERN SALES COMPANY.

SUTTON, C. J. This was a bail-trover proceeding in the Civil Court of Fulton County. The plaintiff, Southern Sales Company, alleged that the defendant, Milton Hall, was in possession of its property, an Admiral electric refrigerator, a mattress, a glider, and three chairs, valued at $248.60. The defendent answered, alleging that the refrigerator was of no value, and that he had paid the plaintiff in full for the other items. He later amended his answer, alleging a partial failure of consideration, in that the refrigerator was defective and would not maintain a temperature low enough to preserve food. He made no plea for any specific amount on account of the alleged partial failure of consideration. The case was tried before a jury and the plaintiff elected to take a money judgment. The evidence for the plaintiff shows that the property involved was sold to the defendant at various times under retention-of-title contracts; that the price of the refrigerator was $454.50, its fair market value as set by the manufacturer, plus $27.25 carrying charges; that the price of the mattress was $44.50, plus $2.40 carrying charges; that the price of the glider and chairs was $76.85; that the balance due on the account was $248.60; that the defendant complained to the plaintiff about the operation of the refrigerator and several attempts were made to repair it, finally it was brought to the store of the plaintiff and tested, and apparently nothing was wrong with it; that the defendant gave the plaintiff a check for $248 in payment of the account on March 15, 1949, the check being dated April 4, 1949, and bearing a notation on it concerning the repair of the refrigerator; and that the defendant stopped payment on the check. The defendant testified that he bought the refrigerator for $454.50, but never agreed to pay carrying charges; that within 30 days of the purchase he found that the refrigerator would not keep continuously a temperature low enough to preserve food, but would stop operating and would not start again; that the plaintiff sent men at different times to fix it, including one who said he was from the factory; that he bought a mattress and paid cash for it (the documentary evidence for the plaintiff shows that the mattress was purchased on March 4, 1947, the total charge being $46.90, and that a $46.90 payment on account was made on June 30, 1947; that he bought a glider and three chairs and paid for them (the documentary evidence for the plaintiff shows payments sufficient to cover these items, but does not indicate any credits on any particular items; that on March 15, 1949, the plaintiff claimed that the defendant owed $248.60 and the defendant agreed to pay this amount if the defect in the refrigerator was corrected, and gave the plaintiff a check for the amount (the check was for $248), dated April 4, 1949, but stopped payment on the check as no effort was made to repair the refrigerator; that he had paid the plaintiff $356.70 ($356.90 according to the plaintiff's record); and that the defective refrigerator was of no value to him, and only of value as a storage box without refrigeration. The $248 check on which the defendant stopped payment bears the notation: "With the understanding for an Admiral box to be made good." The trial judge directed a verdict for the plaintiff for $248.60, judgment

was rendered accordingly, and the defendant moved for a new trial, on the general grounds and on the ground that the court erred in directing a verdict as there were issues of fact which should have been submitted to a jury. The motion was overruled, the judgment was affirmed by the appellate division of the trial court, and the defendant excepted.

1. The provisions of Code § 107-102 are, in part, as follows: "When personal property·is sold and the vendor retains the title thereto in himself until all the purchase money is paid, and the vendor or his assigns shall bring suit to recover the possession of such personal property, the defendant in such action may plead as a set-off any demand or claim that he may have against the plaintiff, or may recoup any damages that he has sustained by reason of any failure of consideration, or any defects in such personal property, or any breach of contract by the plaintiff, whereby the defendant has, in any way, been injured or damaged. If the plaintiff elects to take a money judgment for the value of such property, the amount of set-off or damages allowed the defendant by the jury shall be deducted from the value of such property and the amount allowed for the hire or use thereof, and the plaintiff shall only recover the excess; but if the amount of set-off or damages allowed the defendant shall exceed the value of the property sued for and the hire thereof, then the defendant shall have judgment against the plaintiff for such excess." For a discussion of the application of this Code section, see *Rogers & Thornton* v. *Otto Gas Engine Works,* 7 *Ga. App.* 587 (67 S. E. 700); *Powers* v. *Wren,* 198 *Ga.* 316, 319 (1) (31 S. E. 2d, 713).

2. The defense of failure of consideration in this action in trover, the defendant having purchased the goods from the plaintiff under retention-of-title contracts, is of the same nature as if the plaintiff's action were ex contractu, and the same principles of law are applicable to the defense. It is well-settled law that the burden of proof in sustaining the plea, whether it be a total or partial failure of consideration, rests with the defendant after the plaintiff has made a prima facie case, and that in order to authorize recovery by the defendant under a plea of total failure of consideration the defendant must establish by the evidence that the goods were wholly worthless for any purpose, and that in order to authorize a recovery by the defendant under a plea of a partial failure of consideration, which, if not specifically pleaded, is included in a plea of total failure of consideration, the defendant must establish by the evidence some data by which a jury could determine not only that there was a partial failure of consideration, but the extent of the failure, that is, the amount allowable to the defendant on account of this partial failure of consideration. See Code, §§ 20-310, 20-902; *Stimpson Specialty Co.* v. *Parker,* 10 *Ga. App.* 295 (73 S. E. 412); *Spence Drug Co.* v. *American Soda Co.,* 11 *Ga. App.* 473, 477 (3) (75 S. E. 817); *Hunnicutt Co.* v. *Kane,* 21 *Ga. App.* 665 (94 S. E. 821); *Harmon* v. *Block & Co.,* 32 *Ga. App.* 700 (124 S. E. 548); *Bewley-Darst Coal Co.* v. *Ennis,* 41 *Ga. App.* 132 (152 S. E. 257); *Addison* v. *Cowart,* 43 *Ga. App.* 365 (158 S. E. 804); *Hall* v. *Georgia Paper & Specialty Co.* 57 *Ga. App.* 817 (196 S. E. 926); *Grier* v. *Enterprise Stone Co.,* 126 *Ga.* 17 (54 S. E. 806).

3. Under the evidence the plaintiff established a prima facie case for recovery of the unpaid balance on the goods, as the value of the goods, this unpaid balance being undisputed, and the controlling issue is confined to the defense of a partial failure of consideration on account of the alleged defective condition of the refrigerator. The defendant admitted that the refrigerator had some value, but he offered no evidence whatever from which a jury could determine the extent of the failure of consideration. Under such circumstances there was no issue of fact to submit to a jury and no finding for the defendant could be made under his plea of a partial failure of consideration. A verdict was demanded for the plaintiff for the undisputed amount of the indebtedness as the value of the goods, and it was not error for the trial judge to direct a verdict for the plaintiff in this amount, and the appellate division of the trial court properly affirmed the judgment overruling the motion for a new trial. See *Carter* v. *American Slicing Machine Co.,* 23 *Ga. App.* 422 (98 S. E. 365), *Harmon* v. *Block & Co., Bewley-Darst Coal Co.* v. *Ennis,* and *Hall* v. *Georgia Paper & Specialty Co.,* cited supra.          *Judgment affirmed. Felton and Worrill, JJ., concur.*

DECIDED APRIL 7, 1950.

*Frank A. Doughman,* for plaintiff in error.
*C. D. Stewart, Robert M. McCartney,* contra.

