33415. SEABOLT *v.* FITE *et al.*, executors.

WORRILL, J. In this action on a promissory note, given by the defendant for the purchase-price of two mares, to which the defendant filed a plea of a total failure of consideration and a breach of a collateral parol warranty, the evidence for the defendant was vague, indefinite and uncertain and wholly insufficient to show either that the mares about which the witnesses testified were the particular mares involved in the contract sued on, or that there was a total failure of consideration in that the mares were absolutely worthless for the purposes intended, one witness testifying that he worked the mares all morning and was able to drag out only four logs, his evidence failing to show what size logs or how far the mares dragged them, and to this extent the evidence for the defendant affirmatively showed that the mares were worth something at least. Under this state of facts the trial court did not err in directing a verdict for the plaintiff for the amount sued for where such amount was admitted by the defendant to be due except for the defense interposed, and where the only question for decision was that raised by the plea of a total failure of consideration, and the evidence showing that the mares for which the note was given were of some value, but failed to show their value or how much the defendant was damaged, if at all, the trial judge did not err in directing a verdict for the plaintiff. It is said in *Clegg-Ray Co.* v. *Indiana Scale & Truck Co.,* 125 *Ga.* 558 (54 S. E. 538) : "A plea of total failure of consideration to a suit for the contract price of certain articles is not supported, where the evidence fails to show that the articles are entirely worthless; and in the absence of any data from which the jury could ascertain how much less the goods are worth than the contract price, it is not error for the court to direct a verdict for the plaintiff. *Hornsby* v. *Butts,* 85 *Ga.* 694; *Morgan* v. *Printup,* 72 *Ga.* 66."

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*

DECIDED MAY 25, 1951.

*Phil M. Landrum,* for plaintiff in error.
*Herman J. Spence,* contra.