36117.   ANDREWS *et al. v.* BICKERSTAFF.

DECIDED MARCH 14, 1956.

*Noah J. Stone,* for plaintiff in error.

*E. B. Shaw,* contra.

TOWNSEND, J. The verdict of the jury contrary to the contentions of the defendant that she had not entered into any contract of any sort with the plaintiff, and that her signature on the various instruments was procured by fraud and without her knowledge, disposes of these contentions and is an adjudication that the contract pleaded and proved by the plaintiff was valid and subsisting. It therefore remains to be determined by this court only whether the plea of total failure of consideration, which includes a plea of partial failure of consideration (see *A. E. Speer, Inc.* v. *McCorvey,* 77 *Ga. App.* 715, 49 S. E. 2d 677) was sustained so as to support the verdict in the sum in which it was returned. Indeed, the total evidence in the record, including letters which the plaintiff wrote to the defendant and answers which he received, written by the defendant's daughter, as well as testimony as to what work was done and the amounts expended therefor, leaves no room for doubt as to the good faith of the plaintiff in undertaking this commission and the conclusion that the amount charged for his services, provided that they were properly performed, was reasonable.

Where, as here, the contract under consideration is entire and not severable, the general rule is that once the plaintiff has prima facie showed a compliance therewith the burden is upon the

defendant to sustain his plea of total or partial failure of consideration. As to the latter, a verdict allowing the defendant the benefit of a partial failure of consideration is unauthorized where there is not sufficient evidence from which it may be determined with some degree of certainty what part of the total consideration has failed. *Myers* v. *Philip Carey Co.*, 17 *Ga. App.* 535 (2) (87 S. E. 825) ; *Stanfield* v. *Columbus Casket Co.*, 46 *Ga. App.* 84 (2) (166 S. E. 784) ; *Frick Co.* v. *Lawson*, 50 *Ga. App.* 511 (179 S. E. 274) ; *Hall* v. *Southern Sales Co.*, 81 *Ga. App.* 392 (58 S. E. 2d 925). The trial court in his opinion took the position that these cases did not apply for the reason that the plaintiff had failed to prove a prima facie case. He based this upon the fact that the contract listed certain types of repairs, such as repairing and replacing flooring "where needed"; that the contract was accordingly not complete within itself and the plaintiff had failed to prove that he did all work needed, or at most had failed to make more than a jury issue as to this question. Were the contract standing alone, complete without aid of explanatory testimony in the record, we would agree with this view of the case. However, words such as "where needed" open the door to the introduction of parol testimony. Construing the contract with the explanatory testimony offered, it becomes evident that the words mean simply "where needed to comply with the requirements of the Slum Clearance Department so as to prevent its condemnation proceedings, now threatened, from being instituted against the property." This conclusion is drawn from the fact that the contract in substance follows the requirements of the condemnation notice which the defendant received from her rental agent and brought with her to the plaintiff's office, plus the testimony of the plaintiff to this effect that the work should be done "in compliance with city requirements." The defendant denied that she entered into any such contract, a denial which was greatly weakened by her own evasive and self-contradictory testimony, and which the jury did not believe. The purpose of the contract, provided one was made, is undisputed. That the contract was performed in such manner as to entirely fulfill its purpose is shown without dispute by testimony of the building inspector that he examined the work upon its completion and found it safe, in keeping with the type of building and the community, and that

the work required by the city had been performed. The inspector had examined the building before commencement of the repairs, during their progress, at their completion, and again 18 months later, and testified that although there was some deterioration evident at the time of the last visit it was not sufficient to warrant another notice. The surrounding circumstances may be proved in aid of the construction of contracts. *Albany Federal Savings & Loan Assn.* v. *Henderson,* 200 *Ga.* 79 (3) (36 S. E. 2d 330). "In construing contracts, it is important to look to the substantial purpose which must be supposed to have influenced the minds of the parties, rather than at the details of making such purpose effectual." *Illges* v. *Dexter,* 77 *Ga.* 36. The intention of the parties in entering into the contract being established as an intention (a) to repair the building as stated therein for the purpose of complying with city requirements, and (b) to thereafter obtain a loan commitment to pay for such repairs, the evidence demands a finding that these purposes were accomplished, regardless of testimony of persons who examined the premises on behalf of the defendant some time after completion of the repairs to the effect that they had not been properly made.

Accordingly, in view of the fact that the jury found for the plaintiff on the question of whether there was a valid contract, which finding is not in any way attacked here, a verdict for the plaintiff for the full contract price was demanded. The trial court erred in overruling the motion for judgment notwithstanding the verdict in the principal sum of $1,500.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*