## 36268. LANIER *v.* LAMON.

DECIDED OCTOBER 17, 1956.

*Jere Field,* for plaintiff in error.

*William L. Preston, A. M. Kelly,* contra.

FELTON, C. J. Homer Lamon sued L. D. Lanier, Jr., on a joint promissory note signed ostensibly as joint makers by L. D. Lanier, Sr., and the defendant, alleging that the defendant was indebted to plaintiff on the note $500 principal, interest and attorney's fees. The defendant answered, admitted signing the note but contended that the consideration for the note was a bill of sale to L. D. Lanier, Sr., to thirty-one items of personal property and $1,000 cash paid by L. D. Lanier, Sr., and that the consideration flowing from the plaintiff partially failed for the reason that the plaintiff did not have title to seven items of the property he attempted to sell, and sought damages against the plaintiff in the sum of $1,150, which, if defendant prevailed, would have entitled the defendant to credit for the amount of the note and a judgment against the plaintiff for $650. The court directed a verdict for the plaintiff and the defendant excepted.

1. Assuming but not deciding that under the evidence the defendant was entitled to a setoff sufficient to discharge the note by reason of a partial failure of consideration, and assuming that he was otherwise entitled to a judgment for an additional $650 by reason thereof, there was no evidence from which the jury could arrive at the damages suffered because of the partial failure of consideration. The only evidence is that thirty-one items were sold for the purchase price of $1,500 and that sixteen months later the defendant was only able to sell the twenty-four items,

which the plaintiff had a right to sell, for $350. There is no evidence to show what the value of the twenty-four items was or to show how the sale price could be computed as of the time of their sale by the plaintiff. In other words, the defendant would not have been entitled to the benefit of sixteen months' depreciation from natural wear and tear. Since there was no evidence as to what that was, the jury had no basis for arriving at a verdict and the court correctly directed a verdict for the plaintiff. *Clegg-Ray Co.* v. *Indiana Scale & Truck Co.*, 125 *Ga.* 558 (54 S. E. 538); *Spence Drug Co.* v. *American Soda Fountain Co.*, 11 *Ga. App.* 473, 477 (3) (75 S. E. 817); *Hall* v. *Southern Sales Co.*, 81 *Ga. App.* 392 (2) (58 S. E. 2d 925). If the matters complained of in the other special grounds were errors, they were harmless in view of the above ruling.

The court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*