40166. ORKIN EXTERMINATING COMPANY, INC. OF SOUTH GEORGIA v. BUCHANAN.

DECIDED SEPTEMBER 24, 1963—
REHEARING DENIED OCTOBER 8, 1963.

*Nightingale & Liles, B. N. Nightingale,* for plaintiff in error. *Conyers, Fendig, Dickey & Harris, Reid W. Harris,* contra.

FRANKUM, Judge. G. L. Buchanan sued Orkin Exterminating Company, Inc. of South Georgia because of damage allegedly done to his home by powder post beetles after he had entered into a contract with the defendant to treat the house for the control of such beetles. It was alleged that the plaintiff had paid the amount agreed upon to the defendant for the initial treatment, and that thereafter two annual installments for re-inspection and for any necessary retreatment had been paid pursuant to provisions of the contract; that the defendant failed to control powder post beetles in the plaintiff's home, and that as a result the beetles invaded the lumber, joists, sills, and flooring thereof and had destroyed their structural efficiency so that it is necessary to replace them with new material, and that the reasonable cost of repairing the damage will be $1,900. Plaintiff further alleged that it will be necessary that he move out of the house for a period of two months while repairs are being made, and that the reasonable value to him of the occupancy of the house for said two month period will be $100. The brief of counsel for the plaintiff in error sufficiently states the contents of the defendant's answer as follows: "The answer of the plaintiff in error admitted an agreement to control powder post beetles in defendant in error's dwelling and that it had received the payment for such control and annual inspections. The answer of plaintiff in error denied that [plaintiff in error] failed to control powder post beetles, and denied that uncontrolled beetles had since June 1, 1959, invaded the dwelling destroying its structural efficiency and requiring replacement with new material, and that it had injured and damaged defendant in error in the amounts alleged." The basis of this latter contention was that if any infestation of powder post beetles in the plaintiff's house had occurred after the initial treatment, this was caused by the presence under the house of stacks of old lumber which the defendant had directed the plaintiff to remove on at least two occasions, but which the plaintiff had failed and refused to remove.

On the trial the evidence was in sharp conflict as to the extent of the powder post bettle infestation of plaintiff's house at and before the date of the initial treatment by the defendant. How-

ever, the plaintiff testified that at the time he made the contract with the defendant there was just one small place where there were any powder post beetles, which was a little spot on the back porch, and that there was no other place in the house where there was any evidence of the presence of these beetles. It was undisputed that at the time of the trial there had been general and extensive infestation of powder post beetles with the resulting damage to the flooring, joists, and sills under the plaintiff's house, and that the entire house was generally in bad condition on account thereof at that time. The plaintiff denied in his testimony that anyone from Orkin had said anything to him about moving the lumber from underneath his house. The jury returned a verdict for the plaintiff for $1,900 and the defendant made a motion for a new trial on the general grounds and two special grounds, and also made a motion for a judgment notwithstanding the verdict. These motions were overruled, and the assignments of error here are on those judgments.

While the issue is made in various ways, when reduced to its simpliest terms, the main and controlling contention of the plaintiff in error is that the only damage recoverable under the contract sued on, and the only damage within the contemplation of the parties, was the cost of re-inspecting and retreating the premises in case the initial treatment failed to control powder post beetles in the plaintiff's home. This contention cannot be sustained. Conceding for the sake of argument that the evidence made an issue as to whether the contract between the parties provided for the control of powder post beetles or merely for the treatment of the house and for re-inspection and retreatment if the first treatment failed to control the beetles, this issue was resolved by the jury verdict in favor of the plaintiff. This interpretation of the contract, while submitted to the jury as an issue of fact, was resolved by the jury by a verdict which is also legally sound. If, as contended by the defendant, the contract meant no more than that the defendant would merely re-inspect the plaintiff's premises, and if powder post beetle infestation was found to exist therein after the initial treatment, it would retreat the premises, and that such re-inspection and retreatment, however ineffectual in ridding the plaintiff's premises of powder

post beetles it might be, would satisfy the terms thereof, then such contract would be worthless to the plaintiff insofar as it afforded him protection from uncontrolled powder post beetle infestation of his home. Such an interpretation is not a reasonable one. The defendant's agent, who entered into the contract with the plaintiff, testified that he guaranteed plaintiff that defendant would control the beetles and keep them from spreading and eating up his house. The only reasonable construction of this agreement is that if subsequently to the treatment by the defendant of plaintiff's premises, damages resulted on account of powder post beetle infestation, the defendant would be liable to the plaintiff for the reasonable cost of repairs necessitated on account thereof. Pothier v. Barber Laboratories Inc., (La. App.) 69 S2d 644; Brown v. Battle, 220 Miss. 530 (71 S2d 790).

As was said in King v. Ohio Valley Terminix, 309 Ky. 35 (214 SW2d 993): ". . . whatever may be fairly implied by the terms of the agreement is in the eyes of the law embodied in the agreement. One who undertakes to accomplish a certain result agrees by implication to do everything to accomplish the result intended by the parties." As already stated, the defendant agreed to control powder post beetles in the plaintiff's dwelling. This undertaking must be construed in light of the substantial purpose which influenced the parties to enter into the contract in the first place, *Illges v. Dexter,* 77 Ga. 36, 40, *Pidcock v. Nace,* 15 Ga. App. 794, 797 (84 SE 226), *Andrews v. Bickerstaff,* 93 Ga. App. 571, 575 (92 SE2d 257), and the surrounding circumstances may be looked to in determining the intention of the parties to the contract, *Andrews v. Bickerstaff,* supra, and where the terms of the contract will permit it should be given a construction which will advance its beneficial purpose. *Illges v. Dexter,* supra. The sole purpose for which the plaintiff entered into such a contract with the defendant and agreed to pay the defendant any sum of money for the performance by the defendant was to prevent further damage to his home resulting from the activities of powder post beetles. This is substantiated by the testimony of the defendant's agent who entered into the contract on its behalf. The agreement between the parties, if

it did not expressly so provide, fairly implied that the defendant would accomplish the desired results for the plaintiff. The failure of the defendant to perform the contract rendered it liable for such damages as naturally arose according to the usual course of things from the breach. These damages were such as the parties contemplated when the contract was made would probably result from its breach. *Code* § 20-1407. The rule as to the measure of damages in a case of this nature is succinctly stated in Corpus Juris Secundum as follows: "The measure of damages in the case of a breach of contract is the amount which will compensate the injured person for the loss which a fulfillment of the contract would have prevented or the breach of it has entailed." 25 CJS 563, Damages, § 74. The trial court properly permitted the plaintiff to introduce evidence of the cost of repairing his house. While the evidence was in conflict as to whether this damage was occasioned by infestation before or after the defendant's treatment of the plaintiff's house, this conflict was resolved by the jury finding in favor of the plaintiff. The relative weight and credit to be given the testimony of the plaintiff and his witnesses, who were admittedly not experts in the pest control business, as to the presence of active powder post beetle infestation after the initial treatment was also a jury question. It was at least sufficient to authorize the jury verdict. The court did not err in overruling the motion for new trial and the motion for a judgment notwithstanding the verdict.

*Judgment affirmed. Nichols P. J., and Jordan, J.,* concur.