## 45450. STANFIELD v. PETTIBONE MULLIKEN CORPORATION.

HALL, Presiding Judge. Defendant in a suit on a note appeals from the judgment following a directed verdict for plaintiff for the full unpaid balance.

Defendent is a pulpwood logger. He bought from plaintiff a vehicle or machine called a swamp skidder (a device for hauling logs from wet areas). He paid $4,153 down and took delivery in March of 1968. On May 25 he signed a note for $20,230, to be paid in monthly instalments. He defaulted in January of 1969, leaving an unpaid balance of $16,297 on the note. Between the time defendant took delivery and the time he signed the note, the machine was serviced by plaintiff at least three times upon defendant's complaint. After May 25, defendant called upon plaintiff to repair the machine once each month until November. There is no doubt the machine was broken down a good deal of the time, for whatever reason. Defendant apparently decided he had a bad bargain, abandoned the machine in a field, told plaintiff to come get it, and made no more payments. However, defendant did testify that during the eight or nine months he had the machine, it was in operation about 8 or 9 weeks, and while operating, was worth $100 a day in profit to him. Plaintiff testified that a gauge in the machine showed 893 hours of operating time.

Defendant's own testimony shows there was not a total failure of consideration. The machine was useful and was used for the purpose intended during the periods it was in service. On the other hand, defendant's plea of partial failure of consideration is not accompanied by sufficient evidence with which the jury could calculate with some degree of certainty the extent of the failure, i.e., even assuming the contract price is not the true value of the machine, there was no data submitted by which the true value could be established except by sheer guesswork. The court did not err in directing a verdict for plaintiff. *Grier v. Enterprise Stone Co.,* 126 Ga. 17 (54 SE 806); *Clegg-Ray Co. v. Indiana Scale &c. Co.,* 125 Ga. 558 (54 SE 538); *Swanson v. Chase,* 107 Ga. App. 295 (129 SE2d 873); *Robbins v. Hays,* 107

Ga. App. 12 (128 SE2d 546); *Lanier v. Lamon,* 94 Ga. App. 467 (95 SE2d 38); *Andrews v. Bickerstaff,* 93 Ga. App. 571 (92 SE2d 257); *Seabolt v. Fite,* 84 Ga. App. 37 (65 SE2d 275); *Hall v. Southern Sales Co.,* 81 Ga. App. 392 (58 SE2d 925); *Bewley-Darst Coal Co. v. Ennis,* 41 Ga. App. 132 (152 SE 257).

*Judgment affirmed. Deen and Evans, JJ., concur.*

SUBMITTED JULY 9, 1970—DECIDED SEPTEMBER 8, 1970.

*R. L. Carr, Wensley Hobby,* for appellant.
*Cowart & Cowart, Carroll L. Cowart,* for appellee.