45459.  JOHN DEERE COMPANY v. LINDSEY
LANDCLEARING COMPANY.

Argued July 6, 1970—Decided November 16, 1970.

*Reinhardt, Ireland, Whitley & Sims, Tyron Elliott,* for appellant.
*Roy Benton Allen, Jr.,* for appellee.

QUILLIAN, Judge. ■ (a) In the arguments before this court both sides relied upon the case of *Taylor v. Wilson,* 109 Ga. App. 658 (137 SE2d 353), which sets out in detail damages which may be recovered for breach of warranty. The plaintiff contends that the defendant failed to establish any of its defenses in that there was no showing that consideration totally failed or in what amount it partially failed.

During the trial, the defendant introduced evidence that from the time of its purchase the tractor/scraper in question failed to operate properly. In this connection several witnesses testified that the tractor/scraper did not dump dirt as it was supposed to; that in operation it took approximately twice as long to perform as it should although repairs were made on it by plaintiff, both during the warranty period of 6 months and thereafter; that the machine still exhibited the same trouble. The defendant himself testified that after the expiration of the warranty period, he spent some $7,000 or $8,000 for repairs on the machine; that in 3 years the machine had only given him approximately 1½ years of workable service; that his parts bills were more than the payments; that he lost profits as a result of the machine's failure to operate properly; that to him the machine was not worth anything but "surely it has got a value on it, probably a third or half price of what the cost of it is."

On cross examination, the defendant admitted that he did not know how much he had paid John Deere for parts and repairs and that he did not know exactly how many dollars he had lost. He further admitted that the machine had some value, and in answer to the question, "how much," stated "well I said a third or a half, probably, or something like that."

In his affidavit of illegality the burden of proof was on the defendant. *Messer v. Hewitt,* 98 Ga. App. 498 (1) (106 SE2d 61). There is a plethora of authority for the proposition that a plea of total failure of consideration is not meritorious where there is evidence that the item has some value. See for example, *Clegg-Ray Co. v. Indiana Scale &c. Co.,* 125 Ga. 558 (54 SE 538); *Brown Shoe Co. v. Crosby,* 30 Ga. App. 534 (4) (118 SE 446). Moreover, in

order to sustain a plea of partial consideration, it is necessary that the evidence furnish sufficient data to enable the jury to estimate, without guesswork, in what amount the consideration has partially failed. *Hunnicutt Co. v. Kane,* 21 Ga. App. 665 (2) (94 SE 821); *Harmon v. Block & Co.,* 32 Ga. App. 700 (1) (124 SE 548); *Frick Co. v. Lawson,* 50 Ga. App. 511, 517 (179 SE 274); *Hall v. Southern Sales Co.,* 81 Ga. App. 392, 393 (58 SE2d 925). Of course, a plea of breach of warranty is substantially a plea of failure of consideration. *Pryor v. Ludden & Bates,* 134 Ga. 288, 290 (67 SE 654, 28 LRA (NS) 267).

This case is controlled by a ruling in *Sea Island Cotton Gin Co. v. Fowler,* 37 Ga. App. 792 (142 SE 173). That case involved a suit to recover a balance due on the purchase money in the amount of $360 of a cotton gin outfit to which the defendant pleaded total and partial failure of consideration. The defendant introduced evidence that the machine could be made to gin only one bale of cotton where it should have turned out 6 to 7 bales per day. The defendant testified the gin ". . . was 'worth whatever junk might be worth,' that he 'would take $5 for it and help load it; it is not worth more than $5; I would not give $2.50 for it.' " The court held that the evidence authorized the inference that the consideration had partially failed and pointed out: "Even assuming that the evidence could be taken as demanding an inference that the outfit was capable of ginning some cotton and therefore had a value greater than its value for junk, yet, although the evidence may have contained no estimate as to such value, it appears, from the fact that the jury in finding for the defendant failed to find in any amount agianst the plaintiff on the defendant's plea of recoupment, in which he prayed for a return of the part payment on the purchase money, viz., $120, which issue the court submitted in the charge, that the jury may, from all the facts and circumstances, have estimated the value of the outfit as being greater than a value for junk and as being in an amount equal to the $120 which the defendant had paid upon the purchase price and which the jury allowed the plaintiff to retain." *Sea Island Cotton Gin Co. v. Fowler,* 37 Ga. App. 792, 793, supra.

"Questions of value are peculiarly for the determination of the jury, where there is any data in the evidence upon which the

jury may legitimately exercise their 'own knowledge and ideas.' " *Ga. Power Co. v. Harwell,* 113 Ga. App. 653 (1) (149 SE2d 376). Here there was some evidence showing the basis for the defendant's evaluation of the property at one-third to one-half of the purchase price. Since here as in *Sea Island Cotton Gin Co. v. Fowler,* 37 Ga. App. 792, 793, supra, the jury found a higher value and allowed the plaintiff to retain the $21,342.72 that the defendant had already paid and allowed defendant no additional recovery, we cannot say the verdict was unauthorized. See also *A. E. Speer, Inc. v. McCorvey,* 77 Ga. App. 715, 719 (49 SE2d 677); *Ga. Power Co. v. Harwell,* 113 Ga. App. 653, 654, supra.

(b) The plaintiff contends that a charge with regard to the measure of damages was error. It is not contended that the measure set out was incorrect, but that there was no evidence to support such charge. The ruling in Division 1 (a) disposes of this contention.

For rules regarding the measure of damages for breach of warranty under the Uniform Commercial Code, see *Code Ann.* §§ 109A-2—714, 109A-2—715, 109A-2—719, and the official comment, and cases annotated, on those sections in 2 U.C.A. Commercial Code §§ 2.714, 2.715 and 2.719.

■ Error is enumerated on a charge which stated in part that if the jury should find the plaintiff failed to prove the case by a preponderance of evidence and that "the defendant has proved to your satisfaction that the machine was defective as they contend" then the jury should find a verdict in favor of the defendant. On the trial of the case in objecting to the charge counsel stated: "We feel that the true statement of law would be that if the warranty had been breached and the breach had not been made good or that it was the fault of the plaintiff that the defect occurred, and we submit that the charge of the court as it stands now leads them to believe that if there was just a failure of the machine, whether it was the plaintiff's fault or not, would authorize them to find a verdict for the defendant, and I object to that charge on that ground." In this court the following contention is urged: "This instruction was not adjusted to the pleadings or the evidence because there was no data which could be used by the jury in making a determination that the machine was defective to a

certain extent and no evidence that any alleged defect was attributable to the plaintiff." Thus, whpe on the trial, it is urged that the court failed to point out that it must be the fault of the plaintiff that the defect occurred, the contention now is that there was no evidence to show that the machine was defective or that any defect was attributable to the plaintiff.

In *Black v. Aultman,* 120 Ga. App. 826 (4) (172 SE2d 336), this court held: "Under the requirements of Section 17 of the Appellate Practice Act, the exceptions argued in this court must be the exceptions made to the charge upon the trial of the case. Additional exceptions cannot be considered." See *Seaboard C. L. R. Co. v. Clark,* 122 Ga. App. 237, 241 (176 SE2d 596). Where the objection to the charge as actually made is not argued or insisted upon in the brief, it will be considered abandoned. *Black v. Aultman,* 120 Ga. App. 826 (4), supra; *McChargue v. Black Grading Contr.,* 122 Ga. App. 1, 4 (176 SE2d 212).

Even if consideration be given to the objection originally made, it should be noted that the question of seller's "fault" is inappropriate when the seller has warranted the machine to be "free from defects in material or workmanship." Express warranty is contractual in nature (77 CJS 1115, Sales, §§ 301, 302, and 46 AmJur 482, Sales, § 299) although in its inception liability for breach of warranty was based on tort. 1 Williston on Sales, 506, § 197; Prosser on Torts (3d Ed.) § 95, pp. 648, 651. "Whether it be tort or contract, a breach of warranty gives rise to strict liability, which does not depend upon any knowledge of defects on the part of the seller, or any negligence." Id., p. 652 and cases therein set forth. Dagley v. Armstrong Rubber Co., 344 F2d 245, 250.

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*