## 46509. ANCHOR SIGN COMPANY OF GEORGIA, INC. v. PS HEATING & AIR CONDITIONING COMPANY.

QUILLIAN, Judge. This appeal is from the direction of a verdict for the plaintiff in a jury trial in the Civil Court of Fulton County.

PS Heating & Air Conditioning Co., filed an action on open account against Anchor Sign Company of Georgia, Inc., alleging a balance due of $1,073 on a contract whereby a heating and air-conditioning unit was to have been installed by the plaintiff in the defendant's place of business.

The original cost of the entire job was $2,146, and one-half ($1,073) was paid leaving a balance owing of $1,073.

Defendant admitted that such a contract had been entered into, but defended on the ground that there had been a failure of consideration on the part of the plaintiff, in that the air-conditioning unit had never been installed correctly and had never operated properly.

Upon the trial of the case, the defendant admitted a prima facie case, admitting that the contract had been entered into and assumed the burden of proof of failure of consideration. At the close of the defendant's evidence, the trial court granted a motion for directed verdict on the part of the plaintiff. *Held:*

The evidence showed that there had not been a total failure of consideration because the defendant had attained a benefit from the use of the air-conditioning unit. Therefore the defendant's only defense would have been a partial failure of consideration.

The general rule of law applicable to proof of partial failure of consideration is contained in *Code* § 20-310. The proof offered must substantiate to what extent the consideration has failed so that it would be possible for the jury or for the court to determine the extent of failure of consideration. Absent such proof, the defense of partial failure of consideration must fall. *Moore v. Smith,* 31 Ga. App. 491 (121 SE 136); *Hall v. Southern Sales Co.,* 81 Ga. App. 392 (2) (58 SE2d 925); *Andrews v. Bickerstaff,* 93 Ga. App. 571 (92 SE2d 257).

While there was testimony that the defendant paid a repair bill of $22.50, this would not be sufficient data from which the true value could be established. See *Stanfield v. Pettibone Mulliken Corp.,* 122 Ga. App. 426 (177 SE2d 261). Upon the evidence submitted, the jury would not be able to determine, with any degree of certainty, the extent of the failure of consideration.

The defendant having failed to make out the defense of a partial failure of consideration, the direction of the verdict was not error.

*Judgment affirmed. Bell, C. J., Jordan, P. J., Hall, P. J., Eberhardt and Pannell, JJ., concur. Deen and Evans, JJ., dissent. Whitman, J., not participating.*

SUBMITTED SEPTEMBER 14, 1971—DECIDED NOVEMBER 11, 1971—

REHEARING DENIED DECEMBER 15, 1971—

*Peek, Whaley & Haldi, Glenville Haldi,* for appellant. *Cotton, Katz & White, Richard A. Katz,* for appellee.

EVANS, Judge, dissenting. I cannot agree to the view the majority has taken of the evidence submitted in this case. The majority holds that there was no evidence as to what expense the defendant had paid to repair the unit and no evidence to enable the jury to determine with any degree of certainty the extent of the failure of consideration. Then, the majority opinion concludes that defendant failed to sustain his plea of failure of consideration, and that the trial

judge properly directed a verdict for plaintiff.

The evidence here shows that the total price of the heating and air-conditioning equipment was $2,146 of which $1,073 had been paid, leaving a balance of $1,073. The defendant offered evidence sufficient to show that: (1) the air-conditioning unit never worked properly and never adequately cooled the building; (2) the "vents were hanging down"; (3) water leaked from the vents in the building; and (4) the air-conditioning unit is not working and has not worked for some time and that all of these matters were reported to the plaintiff and requests made for corrections.

While the defendant's witness could not remember all the bills he had paid, he did testify as to one bill that was paid in the amount of $22.50 for repairs to the unit. *Code* § 20-310 requires that if the consideration be partial, an apportionment must be made according to the facts of each case, yet in this case one-half of the total contract had been paid and the suit is for the balance. The evidence here is sufficient to show a *total failure* of the remaining consideratic ` due, and I do not feel that we are bound by the decisions cited by the majority to the effect that the defendant in admitting a prima facie case must prove an amount allowable to him on account of the partial failure of consideration. The jury could have made a determination that there was a total failure of consideration and that nothing was owing; or considering the entire purchase price after payment of one-half the amount, they could have decided that any or all of the balance of $1,073 be written off due to the plaintiff's violation of its implied warranty to put the equipment in correct working order. At the very least, the defendant proved he paid $22.50 for repairs, and this was enough to make it erroneous for the trial judge to direct a verdict against his plea of partial failure of consideration, even though he failed to testify as to the amounts of other repairs he had made. There was ample evidence for the jury to determine that there was a total failure of the consideration on which the plaintiff is now suing.

The essence of a motion for directed verdict is that there

is no genuine issue of material fact to be resolved by the trior of the facts, and the movant is entitled to judgment on the law applicable to the established facts. All reasonable deductions and inferences from the evidence must support the verdict and in determining the question the evidence must be construed in its light most favorable to the party against whom it was directed. *Whitaker v. Paden,* 78 Ga. App. 145 (1) (50 SE2d 774); *Curry v. Durden,* 103 Ga. App. 371 (1) (118 SE2d 871); *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178, 179 (129 SE2d 408).

Since the evidence here clearly made a question for determination by the jury as to whether the remaining amount is due on open account I would hold that the lower court erred in granting the motion for directed verdict.