[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This termite case raises problems of both negligence and contract law. It has been tried the court. For the reasons set forth below, judgment must enter for the defendant on the negligence count and for the plaintiff on the contract count.
The plaintiff, Roberta Villano ("Villano"), owns and occupies a single family home in Hamden. In 1986, her husband saw termites swarming near the front door. She called the defendant, Ralph Pomeroy ("Pomeroy"), an exterminator. Pomeroy agreed to treat the house for termites for the sum of $225. Unhappily, he treated only part of the house. To fast forward to the end of the story, it turns out that treating part of a house for termites is a little like cracking down on part of a red light district. The termites moved to other parts of the house and eventually ate their fill of the untreated portions. Hence this case.
This action was commenced in 1995. Villano's amended complaint is in two counts. The first count alleges negligence. The second count alleges breach of contract. There are no special defenses. The case was tried to the court on January 15, 1998. Posttrial briefs were submitted on January 29, 1998. CT Page 1416
The negligence count can be dealt with summarily. Villano claims that Pomeroy was negligent in performing his task of extermination. No expert testimony on the standard of care has been submitted. "If the determination of the standard of care requires knowledge that is beyond the experience of an ordinary fact finder, expert testimony will be required." Santopietro v.City of New Haven, 239 Conn. 207, 226, 682 A.2d 106 (1996). Villano's negligence claim in this case is akin to an allegation of professional negligence or malpractice, which is defined as "the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services." Id. (Internal quotation marks and citation omitted.) The evidence establishes that exterminators possess specialized knowledge that is greater than the average person's knowledge. They are also licensed by the State. In such cases, expert testimony is necessary "to assist lay people, such as . . . the presiding judge, to understand the applicable standard of care and to evaluate the defendant's actions in light of that standard." Id. at 227. In the absence of such testimony, Villano has not met her burden of proof on her first count.
Villano's second count is more substantial. She claims that Pomeroy breached the contract between the parties by inadequately treating the house. The contract in question was an oral one, and its precise terms are a matter of dispute. It is clear that the parties agreed that only the infested part of the house would be treated and that Villano's limited economic resources played a part in this decision. Pomeroy admitted, however, that he did not advise Villano on the consequences of a partial treatment and that he had partially treated other houses with success. He gave a guarantee, but the guarantee simply said that if the termite problem recurred, he would retreat it as necessary in the future. The evidence shows that Pomeroy did return on a few future occasions when more termites were observed but that his subsequent treatments, like his initial treatment, were partial and ineffective.
Under the circumstances of this case, Pomeroy's contractual duties were not limited to compliance with the literal language of the guarantee. "[A]s a general rule, there is implied in every contract for work or services a duty to perform it skillfully, CT Page 1417 carefully, diligently, and in a workmanlike manner." 17A Am.Jur.2d Contracts § 627 (1991). "The rule which imposes this duty is of universal application as to all persons who by contract undertake professional or other business engagements requiring the exercise of care, skill and knowledge; the obligation is implied by law and need not be stated in the agreement." Roscoe Moss Co. v. Jenkins, 130 P.2d 477, 481 (Cal. Dist.Ct.App. 1942).
The doctrine of implied warranty is particularly important in cases of contracts in which there is an inequality of knowledge and expertise between the parties. In the setting of the marketplace, a professional such as an exterminator makes an implied representation, ordinarily indispensable to his getting the job, that he will use reasonable skill and judgment in carrying out his task. On the other hand, the purchaser of these professional services does not usually possess the knowledge of the professional and necessarily relies on the advice of the professional party. See Pollard v. Saxe Yolles Development Co.,525 P.2d 88, 91 (Cal. 1974). The evidence firmly establishes that this inequality of knowledge and expertise was present in the instant case. Pollard consequently made an implied warranty that he would perform his task in a skillful and workmanlike manner.
The nature of the task to be performed must now be addressed. Pomeroy's position that his task was to do merely a partial treatment of the house is unpersuasive, at least in the absence of an accompanying disclosure to Villano on the consequences of such a partial treatment. While it is undoubtedly true that a willing buyer and a willing seller can agree to perform an ineffectual task, that is not ordinarily the purpose of a contract, and it certainly was not the purpose of the contract here. Villano wanted to get rid of the termites infesting her house. Pomeroy agreed to perform this task for a sum certain. As the Court of Appeals of Kentucky said in a termite case half a century ago, "whatever may be fairly implied by the terms of the agreement is in the eyes of the law embodied in the agreement. One who undertakes to accomplish a certain result agrees to do everything to accomplish the result intended by the parties."King v. Ohio Valley Terminix Co., 214 S.W.2d 993, 995 (Ky. 1948).
The agreement of the parties "must be construed in light of the substantial purpose which influenced the parties to enter into the contract in the first place." Orkin Exterminating Co. v.Buchanan, 133 S.E.2d 635, 637 (Ga.Ct.App. 1963). The sole CT Page 1418 purpose for which Villano entered into such a contract with Pomeroy and agreed to pay him any money at all for his labor was to prevent further damage to her home from termites. "The agreement between the parties, if it did not expressly so provide, fairly implied that the defendant would accomplish the desired results for the plaintiff." Id. at 638. Accord Baird v.Dodson Brothers Exterminating Co., 232 S.E.2d 770, 774 (Va. 1977)
In this case, the evidence is clear that Pomeroy's termite treatment of Villano's home was partial and, therefore ineffective. Although there was, as mentioned, no expert testimony on the standard of care for negligence purposes, Villano presented the credible testimony of an of official of the State Department of Environmental Protection that partial treatment is, as a practical matter, ordinarily ineffective in controlling termites. The partial treatment here was plainly ineffective. Under these circumstances, there is ample evidence that Pomeroy breached his contract with Villano. See OrkinExterminating Co. v. Donavan, 519 So.2d 1330, 1333 (Ala. 1988).
Pomeroy's breach of the contract renders him liable for the damages naturally arising from the breach. Here, the measure of damages is the amount that will compensate the injured person for the loss which a fulfillment of the contract would have prevented or the breach of it has entailed. Orkin Exterminating Co. v.Buchanan, supra, 133 S.E.2d at 638. The evidence here establishes that Villano spent a total of $3,590 in repairing her house from termite damage that occurred in the wake of Pomeroy's partial treatment. Although there was conflicting evidence on causation, the credible evidence establishes that the partial treatment of the house was a substantial factor in causing the termite infestation responsible for this damage. Villano is consequently entitled to damages in the amount of her repairs.
Judgment shall enter in favor of the defendant on the first count. On the second count, judgment shall enter in favor of the plaintiff in the amount of, $3,590 plus costs.
BLUE, J.